IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

|  |  |  |
|---|---|---|
| IN RE 2014 RADIOSHACK ERISA LITIGATION | ) ) ) ) ) ) ) ) ) ) | MASTER FILE NO. 4:14-cv-00959-O |
| THIS DOCUMENT RELATES TO: |  |  |
| ALL ACTIONS |  |  |

## AGREED PROTECTIVE ORDER ON CONFIDENTIALITY

This Agreed Protective Order Governing Protection and Use of Confidential Materials (the "Agreed Protective Order") is entered into as of August 26, 2015, by and among counsel for the following: Plaintiffs Manoj P. Singh, Jeffrey Snyder, William A. Gerhart, and Steven Wolpin (collectively, "Plaintiffs"); Defendants RadioShack 401(k) Plan Administrative Committee, the RadioShack Puerto Rico Plan Administrative Committee, James F. Gooch, Joseph C. Magnacca, Robert E. Abernathy, Frank J. Belatti, Julia A. Dobson, Daniel A. Feehan, H. Eugene Lockhart, Jack L. Messman, Thomas G. Plaskell, Edwina D. Woodbury, Mark Barfield, Karina Davis, Eric Hales, Justin Johnson, Michael Keyser, Kevin Krautkramer, Martin Moad, and Sri Reddy (collectively, "RadioShack Defendants"); and Defendants Wells Fargo Bank, NA ("Wells Fargo") and Banco Popular de Puerto Rico ("Banco Popular") (collectively, the "Trustee Defendants," and, together with the Plaintiffs and RadioShack Defendants, the "Parties" and each individually a "Party" to this Agreed Protective Order). The Parties hereby agree that discovery in the above-captioned civil action (the "Action") will require production of documents and information that one or more Parties regard as containing sensitive and non-public business information, financial information, personnel information, personal information,

trade secrets, or other confidential information. Disclosure of this information to the general public would be prejudicial to the Parties, and litigation over claims of confidentiality would unduly consume the resources and time of the Court and Parties.

Therefore, in the interests of promoting the just, speedy and inexpensive determination of the Action, the Parties hereby agree, and the Court hereby **ORDERS**, that the following procedures and provisions shall apply in the Action:

**I.     DEFINITIONS**

As used in the Agreed Protective Order, these terms shall have the following meanings:

A.     **"Party(ies)"** means Manoj P. Singh, Jeffrey Snyder, William A. Gerhart, Steven Wolpin, the RadioShack 401(k) Plan Administrative Committee, the RadioShack Puerto Rico Plan Administrative Committee, James F. Gooch, Joseph C. Magnacca, Robert E. Abernathy, Frank J. Belatti, Julia A. Dobson, Daniel A. Feehan, H. Eugene Lockhart, Jack L. Messman, Thomas G. Plaskell, Edwina D. Woodbury, Mark Barfield, Karina Davis, Eric Hales, Justin Johnson, Michael Keyser, Kevin Krautkramer, Martin Moad, Sri Reddy, Wells Fargo, Banco Popular, and any other party that may be joined in the Action.

B.     **"Non-Party(ies)"** means any person or entity not a Party to the Action, including, without limitation, RadioShack Corporation, which produces documents or other information in response to a subpoena or other process in this Action.

C.     **"Material"** is defined as documents, records, testimony, responses to discovery or other tangible items, and any other information produced by a Party or Non-Party in discovery in the Action, whether in hard copy or electronic form.

D.     **"Confidential Material"** is defined as Material containing sensitive non-public business information, financial information, personal information, personnel information, trade

secrets, or other confidential or proprietary commercial, research, or development information, within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. Confidential Material may include, *inter alia*, all non-public materials containing information related to: financial or business plans, data or projections; proposed plans or strategies; studies or analyses by internal or external experts; financial or tax data; competitive analyses; personal information regarding personnel, including employees, officers, directors and partners; information or documents subject to confidentiality or non-disclosure agreements with third parties; 401(k) participant account data; 401(k) plan design and/or administration data or other commercially sensitive or proprietary information.

  E. The "**Designator**" is any Party or Non-Party who designates any Material produced in this Action as "Confidential."

  F. The **"Producing Party"** is any Party or Non-Party that produces Confidential Material during the course of discovery in this Action.

  G. The **"Receiving Party"** is any Party or Non-Party that receives Confidential Material during the course of discovery in this Action.

**II.** **DESIGNATION OF MATERIALS AS "CONFIDENTIAL"**

  A. Any Party or Non-Party may designate Material produced during the course of this Action as Confidential Material if and only if that Party or Non-Party believes in good faith that the Material satisfies the definition of Confidential Material as set forth in Paragraph I.D.

  B. A Party or Non-Party may designate such Material by marking the word "Confidential" on the face of each document and each page so designated at the time it is produced or served, or, in the case of Confidential Material contained in or on media other than paper, by affixing such a label to the information or by using its best efforts to identify the

information as Confidential Material. If a Non-Party produces Material during the course of this Action that the producing Non-Party did not designate as Confidential Material but that a Party believes in good faith satisfies the definition of Confidential Material as set forth in Paragraph I.D, the Party may (1) request that the Non-Party designate the Material as Confidential Material at the time of production in the manner specified above; or (2) the Party may itself designate the Material as Confidential Material, in which case the Party-Designator shall, within ten (10) business days of notifying counsel, provide counsel for the Parties with new copies of such Material bearing the appropriate "Confidential" legend. Upon receipt of the copy bearing the legend, counsel for the Parties and all other persons who have received undesignated copies of the Material shall either return such Material to counsel for the Party-Designator or destroy all such Materials, copies and other reproductions thereof.

C.  Documents may be produced for inspection before being designated as "Confidential." Once specific documents have been designated for copying, any documents containing Confidential Material may then be marked with the appropriate legend before being delivered to the requesting Party. There will be no waiver of confidentiality by the inspection of Confidential Material before such Material is copied and designated pursuant to this procedure.

D.  Designation may also be by such other means as are agreed to, in writing, by the Designator and the Party seeking disclosure.

E.  A Party shall not be obligated to challenge the propriety of the designation of Material as "Confidential" at the time made, and failure to do so shall not preclude a subsequent challenge in this Action or any other action. If a Party challenges a designation, it shall give notice to the Designator, and they shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved,

either the Designator or the challenging Party may apply for a ruling from the Court. The Designator shall have the burden of establishing that the Material at issue satisfies the definition set forth in Paragraph I.D. The Material shall continue to be treated as Confidential Material until the Court orders otherwise.

  F. Any Designator may, at any time, unilaterally withdraw the "Confidential" designation of any Material designated by that Designator.

  G. The inadvertent production of Confidential Material without the "Confidential" designation affixed thereto will not constitute a waiver of confidentiality with regard to that material. In the event that a Party or Non-Party inadvertently produces Confidential Material without the proper legend, that Party or Non-Party shall notify counsel for the Parties of the omission within ten (10) business days of discovering the inadvertent production. Further, within ten (10) business days of notifying counsel, the notifying Party or Non-Party shall provide counsel for the Parties with new copies bearing the appropriate legend. Upon receipt of the copy bearing the legend, counsel for the Parties and all other persons who have received undesignated copies of the Material shall either return such Material to counsel for the Designator or provide a written representation that it has destroyed all such Materials, copies and other reproductions thereof.

  H. In the absence of an agreement on the record or in writing to the contrary, all deposition testimony shall be treated as Confidential Material until the expiration of ten (10) business days after receipt of the official transcript. All deposition transcripts or portions of deposition transcripts in this Action (including exhibits) may be designated as Confidential Material by a statement to such effect on the record at any time before the end of each day of deposition is concluded or by a statement in writing sent to counsel of record within the

aforementioned ten (10) business days after receipt of the transcript. During depositions, any person, entity, Party, or Non-Party claiming confidentiality with respect to Confidential Material that is to be disclosed or upon which questions may be based may exclude from the room any person who is not subject to this Order. The Parties may modify this procedure for any particular deposition through written agreement or agreement on the record at such deposition, without further Court order.

I. In the case of Interrogatory responses or answers to Requests for Admission, designations shall be made by placing the word "Confidential" on the first page of any such answer and on the pages to be designated as such.

### III. USE AND HANDLING OF CONFIDENTIAL MATERIAL

A. Confidential Material shall be used only for purposes of preparing for and litigating the Action (including appeals) and not for any other purpose whatsoever, except on written consent of the Designator or by order of the Court.

B. Confidential Material shall not be revealed or disclosed, directly or indirectly, in any manner or in any form, to any person, entity, or judicial tribunal other than:

1. The Parties themselves, and any current or former employee, officers, members, or directors of RadioShack Corp., who are assisting in the conduct of this Action, to the extent counsel of record determines in good faith that such disclosure is necessary to provide assistance in connection with this Action;

2. Counsel of record and any other counsel for the Parties in the Action, including counsel for insurers for the claims involved in the Action, members of their firms and associates, associate attorneys, paralegal, clerical, and other employees or contractors of such counsel who are assisting in the conduct and/or management of the Action;

3. The U.S. District Court for the Northern District of Texas, the Fifth Circuit Court of Appeals, or any other court that has jurisdiction over the Action, court personnel, and court reporters of the aforementioned courts;

4. Consultants, experts, and outside litigation support personnel, including document management vendors, and other vendors retained by counsel for either Party to the Action to assist the Parties in the preparation and/or litigation of the Action, including settlement of same, provided that such person(s) execute the Acknowledgement And Agreement To Be Bound By Agreed Protective Order On Confidentiality in the form attached hereto as Exhibit A (the "Acknowledgement") prior to disclosure of any confidential material designated by a Producing Party, and a copy of such signed Acknowledgment is retained by counsel for the Party making such disclosures;

5. Any mediator retained by the Parties or appointed by the Court, and employees of such mediator who are assisting in the conduct of the mediation;

6. The person, entity, Party or Non-Party that wrote, received or produced the document designated as "Confidential." Access to Confidential material under this category is limited to the particular document written, received or produced by the person, entity, Party or Non-Party;

7. Persons noticed for depositions or designated as trial witnesses, or those whom counsel of record in good faith expect to testify at deposition or trial, only to the extent reasonably necessary in preparing to testify, provided that such person(s) execute the Acknowledgement prior to disclosure of any confidential material designated by a Producing Party, and a copy of such signed Acknowledgment is retained by counsel for the Party making such disclosures;

8. Any insurance carrier that may provide coverage for the claims asserted in the Action; and

9. Others, provided that such person(s) execute the Acknowledgement prior to disclosure of any confidential material designated by a Producing Party, and a copy of such signed Acknowledgment is retained by counsel for the Party making such disclosures.

C. If Confidential Material is to be disclosed during a deposition or trial, the Acknowledgment may be made on the record and under oath, rather than in writing. No person to whom Confidential Material is disclosed may disclose such Material to any person other than those persons described in Paragraphs III.B, above.

D. All persons who have access to Confidential Material at any time shall take all precautions necessary to prohibit access to such Material other than as provided for herein.

E. Any summaries or copies of Confidential Material shall bear the appropriate legend set forth in Paragraph II.B above, and shall be subject to the terms of this Order to the same extent as the information or document from which such summary or copy is made. Any party which creates a summary from material that is subsequently designated as "Confidential" pursuant to Paragraph II.B above, shall upon receipt of the designation of such material as Confidential immediately mark such summaries with the appropriate legend set forth in Paragraph II.B above and otherwise conform to this paragraph. The foregoing paragraph does not apply to any Material that would be protected from disclosure pursuant to the attorney-client privilege, the work product doctrine, or any other relevant privilege or doctrine.

F. For applications and motions to the Court in connection with which a party submits Confidential Material, all documents containing Confidential Material that are submitted to the Court shall be filed electronically and under seal pursuant to the procedures provided for in the Local Rules of the Northern District of Texas and/or the Electronic Case Filing/Case Management procedures manual. If hard copies of documents are submitted to the Court, they shall be submitted in sealed envelopes or other appropriate sealed containers, which shall indicate the title of this action and the phrase, "Confidential, Subject to the Agreed Protective Order."

G. Within forty-five (45) days following the closure of the above-captioned Action in the District Court, if a Party has filed any document under seal with the Court, a Party may move to obtain the return of such previously-sealed or restricted document by motion filed.

8

H.  Within one-hundred and twenty (120) days after final termination of the Action (including any related proceedings in the U.S. District Court, Court of Appeals, and/or U.S. Supreme Court), either by final judgment or appeal (if any), all persons and entities in possession of Confidential Material shall either destroy the information and all copies thereof, or return the information and all copies thereof to the Designator, provided that the Parties may retain in their possession (a) any privileged attorney work product they have created which incorporates an opposing party's discovery materials, and (b) archived copies of all pleadings, motion papers, deposition transcripts and exhibits, Court transcripts and exhibits, and documents and other materials submitted to the Court that contain Confidential Materials.  All Confidential Material in those records must be protected in conformity with this Order.  Counsel shall certify that all Confidential Material and copies thereof have been handled in accordance with this paragraph and by executing the Affidavit of Sequestration/Destruction, attached hereto as Exhibit B.

## IV. **GENERAL PROVISIONS**

A.  This Order shall not be construed to restrict or limit the use, dissemination, or disposition by the Designator of its own information that it designates as "Confidential."

B.  Nothing contained in this Order shall restrict or limit any Party's right to present Confidential Material to a court during a trial or other hearing in the Action, and the Parties shall take reasonable steps to maintain the confidentiality of such information at a hearing or at trial in such manner as the Court may direct.  The use of Confidential Material at trial shall be governed by the pretrial order.

C.  If any court or governmental agency subpoenas or orders the production of any Material designated hereunder as "Confidential," the Party receiving such subpoena or order shall, within three (3) business days of the receipt of such request and not less than five (5) days

prior to the production of any Confidential Material, notify the Designator of such subpoena or order.

D. This Order shall not apply to information or tangible items obtained by means independent of production by a Party or Non-Party through discovery or other proceedings in the Action. The restrictions set forth in this Order shall not apply to information or tangible items which at or prior to disclosure in this Action are or were within public knowledge, or which the Designator subsequently released into the public arena.

E. Neither this Order, production or disclosure of Material under this Order, nor designation or failure to designate Material under this Order, shall constitute a waiver of the right of the Designator to maintain the confidentiality of that Material in other contexts.

F. The inadvertent production of any Material that would be protected from disclosure pursuant to the attorney-client privilege, the work product doctrine or any other relevant privilege or doctrine shall not itself constitute a waiver of the applicable privilege or doctrine in this or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Upon receipt of notice of any Party or Non-Party's inadvertent production of such privileged or protected Material, the Receiving Party shall promptly: (i) return the privileged or protected Material subject to a claimed privilege and any copies of it; or (ii) if such privileged or protected Material has been incorporated into attorney work product, sequester or destroy the privileged or protected Material and any copies of it, and provide to the Disclosing Party or Non-Party an executed Affidavit of Sequestration/Destruction, attached hereto as Exhibit B. The Receiving Party also shall take reasonable steps to retrieve the privileged or protected Material if it has been further disclosed, and make no use of the information contained in the privileged materials. If

the Receiving Party contests the claim of privilege, it shall promptly notify the Party or Non-Party in writing and explain the basis of the challenge. If the challenge is not informally resolved within twenty-one (21) days after the Receiving Party received notice of the production of the privileged or protected material, the disclosing Party or Non-Party may apply to the Court for an order that such materials are protected from disclosure by privilege. In opposing any such application, the Receiving Party may not, however, assert as a ground for such opposition the fact or circumstances of the inadvertent production. Any claimed privileged material sequestered pending determination by the Court as to whether it is privileged must not be used or disclosed until the privilege issue is resolved, and thereafter shall be treated in accordance with the Court's determination of the issue.

G.   Nothing contained in this Order is intended to or shall serve to limit any Party's or Non-Party's right to conduct a review of documents, ESI, or other information (including metadata) for relevance, responsiveness, and/or identification or segregation of privileged and/or protected information prior to production.

H.   This Order may be modified or amended by agreement of the Parties hereto with the approval of the Court. To the extent that the Parties fail to agree on a modification proposed by any Party, nothing contained herein shall be deemed to preclude any Party from moving the Court, for good cause shown, for a ruling that modifies this Order in any respect.

I.   Nothing in this Order shall prevent any person from seeking at any time to impose additional restrictions beyond those provided in this Order.

J.   Any invalidity, in whole or in part, of any provision of this Agreed Protective Order shall not affect the validity of any other provision of this Agreed Protective Order.

K.      This Order shall survive and continue to be binding after the conclusion of the Action, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed pursuant to or in violation of this Order.

**SO ORDERED** this **27th day** of **August, 2015**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

AGREED TO AS TO FORM AND CONTENTS THIS AUGUST 26, 2015 BY:

| | |
|---|---|
| /s/ Mark K. Gyandoh | /s/  Matthew A. Russell |
| KESSLER TOPAZ MELTZER & CHECK LLP | MORGAN, LEWIS & BOCKIUS LLP |
| Edward W. Ciolko (admitted *Pro Hac Vice*) | Ellen L. Perlioni |
| Donna Siegel Moffa (admitted *Pro Hac Vice*) | 1717 Main Street, Suite 3200 |
| Mark K. Gyandoh (admitted *Pro Hac Vice*) | Dallas, TX 75201 |
| Julie Siebert-Johnson (admitted *Pro Hac Vice*) | Phone:  214.466.4000 |
| 280 King Of Prussia Road | Fax:  214.466.4001 |
| Radnor, PA 19087 | Email:  ellen.perlioni@morganlewis.com |
| Telephone:  (610) 667-7706 | |
| Facsimile:  (610) 667-7056 | Jeremy P. Blumenfeld (*admitted pro hac vice*) |
| Email:  eciolko@ktmc.com | Brian T. Ortelere (*admitted pro hac vice*) |
|              dmoffa@ktmc.com | 1701 Market Street |
|              mgyandoh@ktmc.com | Philadelphia, PA 19103 |
|              jsjohnson@ktmc.com | Phone:  215.963.5258 |
|  | Fax:  215.963.5001 |
|  | Email:  jblumenfeld@morganlewis.com |
| *Interim Lead Class Counsel Committee Chair* |  |
|  | Matthew A. Russell (*admitted pro hac vice*) |
| Gerald D. Wells, III | 77 W. Wacker Drive |
| Robert J. Gray (*admitted pro hac vice*) | Chicago, IL 60601 |
| CONNOLLY WELLS & GRAY, LLP | Phone:  312.324.1771 |
| (*Pro Hac Vice to be requested*) | Fax:  312.324.1001 |
| 2200 Renaissance Boulevard | Email:  marussell@morganlewis.com |
| Suite 308 |  |
| King of Prussia, PA  19406 | *Counsel for Defendants RadioShack 401(k)* |
| Telephone:  (610) 822-3700 | *Plan Admin. Committee, RadioShack Puerto* |
| Facsimile:  (610) 822-3800 | *Rico Plan Admin. Committee, and the* |
| Email:  gwells@cwg-law.com | *Individual Defendants* |
|              rgray@cwg-law.com | |

| | |
|---|---|
| Michael J. Klein (*admitted Pro Hac Vice*)<br>STULL, STULL & BRODY<br>6 East 45th Street<br>New York, NY 10017<br>Telephone:  (212) 687-7230<br>Facsimile:  (212) 490-2022<br>Email:  mklein@ssbny.com<br><br>*Interim Lead Class Counsel Committee Members*<br><br>Roger L. Mandel<br>State Bar No. 12891750<br>Bruce E. Bagelman<br>State Bar No. 01509700<br>LACKEY HERSHMAN, LLP<br>3102 Oak Lawn Avenue, Suite 777<br>Dallas, TX 75219<br>Telephone:  (214) 560-2201<br>Facsimile:  (214) 560-2203<br>Email:  rlm@lhlaw.net<br>          beb@lhlaw.net<br><br>*Interim Liaison Class Counsel*<br><br>George C. Aguilar (*admitted pro hac vice*)<br>ROBBINS ARROYO LLP<br>600 B Street, Suite 1900<br>San Diego, CA 92101<br>Telephone: (619) 525-3990<br>Facsimile: (619) 525-3991<br>Email: gaguilar@robbinsarroyo.com<br><br>*Counsel for Plaintiff Wolpin* | */s/ Russell L. Hirschhorn*_____<br>PROSKAUER ROSE LLP<br>Russell L. Hirschhorn (*admitted pro hac vice*)<br>Eleven Times Square<br>New York, NY 10036<br>Telephone:  (212) 969-3286<br>Facsimile:  (212) 969-2900<br>Email:  rhirschhorn@proskauer.com<br>PROSKAUER ROSE LLP<br>Howard Shapiro (*admitted pro hac vice*)<br>Stacey C.S. Cerrone<br>650 Poydras Street, Suite 1800<br>New Orleans, LA 70130<br>Telephone:  (504) 310-4085<br>Facsimile:  (504) 522-5771<br>Email:  howshapiro@proskauer.com<br><br><br>SIDLEY AUSTIN LLP<br>Michelle LeGrand Hartmann<br>2001 Ross Avenue<br>Suite 3600<br>Dallas, Texas 75201<br>Telephone:  (214) 981-3416<br>Facsimile:  (214) 981-3400<br>Email:  mhartmann@sidley.com<br><br><br>SIDLEY AUSTIN LLP<br>Anne E. Rea (*admitted pro hac vice*)<br>One South Dearborn Street<br>Chicago, IL 60603<br>Telephone:  (312) 853-7156<br>Facsimile:  (312) 853-7036<br>Email:  area@sidley.com<br><br>*Attorneys for Defendant Wells Fargo*<br><br><br>*/s/ Nancy J. Sennett*_____<br>Nancy J. Sennett (*admitted pro hac vice*)<br>David J.B. Froiland (*admitted pro hac vice*)<br>Aaron R. Wegrzyn (*admitted pro hac vice*)<br>FOLEY & LARDNER LLP<br>777 East Wisconsin Avenue<br>Milwaukee, WI 53202-5306 |

414.297.5522 (NJS)
414.297.5579 (DJBF)
414.319.7028 (ARW)
414.297.4900 (facsimile)
nsennett@foley.com
dfroiland@foley.com
awegryzn@foley.com

Andrew W. Yung
Dennis Keithly
YUNG KEITHLY LLP
208 N. Market Street, Suite 200
Dallas, TX  75202
214.220.0422
214.220.9932 (facsimile)
Andrew.yung@yungkeithly.com
Dennis.keithly@yungkeithly.com

*Attorneys for Defendant Banco Popular de Puerto Rico*

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY
AGREED PROTECTIVE ORDER ON CONFIDENTIALITY**

    I hereby certify my understanding that material is being provided to me pursuant to the provisions, conditions, and restrictions of the Agreed Protective Order, and that I have been given a copy of the Agreed Protective Order and agree to be bound by its provisions. I understand and agree that all Confidential Material I may be shown, including copies thereof and any notes and transcriptions made therefrom and information contained therein, are to be used only for the purposes permitted by the Agreed Protective Order. I also understand and agree that all material I am shown shall be returned or destroyed in the manner provided in the Agreed Protective Order. I agree to resolve all disputes regarding the provisions, conditions, or restrictions of the Agreed Protective Order according to the provisions thereof.

_____
Signature

_____
Name*

_____
Address*

_____

_____

_____
Date*

*This information must be printed or typed.

## **EXHIBIT B**

## **AFFIDAVIT OF SEQUESTRATION/DESTRUCTION**

I, _____, declare and state as follows:

1. I am _____ (position) at _____ (firm) counsel for _____(party/non-party).

2. On _____, 201\_, on behalf of _____ (party/non-party), I {sequestered, destroyed or returned} pursuant to paragraph III.H of the Agreed Protective Order entered on _____, 2015\_ in this matter.

3. All confidential discovery materials have been {sequestered, destroyed or returned}.

I declare under penalty of perjury that the foregoing is true and correct to my knowledge.

Executed this _____ day of _____, 2015\_\_ in \_\_\_ (city), \_\_\_ (state).

_____
(name)