**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

|  |  |
|---|---|
| ) | |
| ) | |
| **IN RE 2014 RADIOSHACK ERISA** ) | **MASTER FILE NO. 4:14-cv-00959-O** |
| **LITIGATION** ) | |
| ) | |
| **THIS DOCUMENT RELATES TO:** ) | |
| ) | |
| **ALL ACTIONS** ) | |
| ) | |

**APPENDIX TO PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION**
**TO RADIOSHACK DEFENDANTS' MOTION TO DISMISS PLAINTIFFS'**
**AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**
**AND TO STRIKE JURY DEMAND**

| DESCRIPTION | APPENDIX PAGE NO. |
|---|---|
| *Borboa v. Chandler et al.*, No. 13-cv-844, slip op. (E.D. Va. Dec. 31, 2014) | A-1 |
| *In re SunTrust Banks, Inc. ERISA Litig.*, No. 08-cv-3384, slip op. (N.D. Ga. Oct. 8, 2015) | A-4 |
| *In re Trans-Industries, Inc., et al.*, No. 06-BK-43993, slip op. (Bankr. E.D. Mich. Jan. 14, 2010) | A-9 |

Dated:  October 18, 2015

Respectfully submitted,

**KESSLER TOPAZ**
 **MELTZER & CHECK LLP**

*s/ Mark K. Gyandoh*
Edward W. Ciolko (admitted *Pro Hac Vice*)
Donna Siegel Moffa (admitted *Pro Hac Vice*)
Mark K. Gyandoh (admitted *Pro Hac Vice*)
Julie Siebert-Johnson (admitted *Pro Hac Vice*)
280 King Of Prussia Road
Radnor, PA 19087

Telephone:  (610) 667-7706
Facsimile:  (610) 667-7056
Email:  eciolko@ktmc.com
      dmoffa@ktmc.com
      mgyandoh@ktmc.com
      jsjohnson@ktmc.com

***Interim Lead Class Counsel Committee Chair***

**CONNOLLY WELLS & GRAY, LLP**
Gerald D. Wells, III
Robert J. Gray (admitted *Pro Hac Vice*)
2200 Renaissance Boulevard
Suite 308
King of Prussia, PA  19406
Telephone:  (610) 822-3700
Facsimile:  (610) 822-3800
Email:  gwells@cwg-law.com
      rgray@cwg-law.com

**STULL, STULL & BRODY**
Michael J. Klein (admitted *Pro Hac Vice*)
6 East 45th Street
New York, NY 10017
Telephone:  (212) 687-7230
Facsimile:  (212) 490-2022
Email:  mklein@ssbny.com

***Interim Lead Class Counsel Committee Members***

**LACKEY HERSHMAN, LLP**
Roger L. Mandel
State Bar No. 12891750
Bruce E. Bagelman
State Bar No. 01509700
3102 Oak Lawn Avenue, Suite 777
Dallas, TX 75219
Telephone:  (214) 560-2201
Facsimile:  (214) 560-2203
Email:  rlm@lhlaw.net
      beb@lhlaw.net

***Interim Liaison Class Counsel***

**ROBBINS ARROYO LLP**
George C. Aguilar (admitted *Pro Hac Vice*)
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
Email: gaguilar@robbinsarroyo.com

***Counsel for Plaintiff Wolpin***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 18, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to registered CM/ECF participants.

/s/ *Mark K. Gyandoh*
Mark K. Gyandoh

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division



KERRIE BORBOA, et al., *individually and
on behalf of all others similarly situated,*

      Plaintiffs,

v.

                        Civil Case No. 3:13-cv-844

THEODORE L. CHANDLER, et al.,

      Defendants.

## MEMORANDUM ORDER

This matter comes before the Court on the defendants' *Motion to Dismiss for Failure to State a Claim.* (Dk. No.45.) The Court DENIES the motion except as to defendants Dorneman and Evans. The complaint lacks facts supporting the fiduciary statuses of Dorneman and Evans, so the Court GRANTS the motion as to those defendants.

The complaint plausibly alleges a breach of the duty of prudence, specifically by stating sufficient facts to show that the defendants imprudently ignored the well-being of the Plan while LandAmerica careened towards bankruptcy. The complaint also plausibly alleges a breach of the duty to avoid conflicts of interest by virtue of the fact that the director defendants had personal financial incentives to prop up LandAmerica even when doing so was against the interests of the Plan. Finally, the complaint plausibly alleges that the director defendants and Investment Funds Committee defendants failed to monitor other Plan fiduciaries. Factual questions remain for the resolution of each of these claims, but those cannot be decided at the 12(b)(6) stage.

**A-1**

The complaint also plausibly establishes that the directors, Employee Committee and its members, and Benefits Committee and its members acted as fiduciaries of the Plan. The directors had the power to appoint, retain, and remove individuals to and from the named fiduciary, the Investment Funds Committee. *See Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1467 (4th Cir. 1996) (finding such powers convey fiduciary status). The Employee Committee and its members held an "oversight role" over the Investment Funds Committee. *See id.* Plan documents indicated that the Benefits Committee "bore overall responsibility for administering the Plan." *See id.* The defendants may dispute these facts, but the complaint sufficiently states the fiduciary statuses of these defendants to survive a Rule 12(b)(6) motion to dismiss.

The complaint does not state sufficient facts supporting the claim that Defendants Dorneman and Evans acted as fiduciaries. The sole allegations bearing on their statuses relate to their signatures on the Form 11-K documents submitted to the Securities and Exchange Commission. Contrary to the plaintiffs' assertions, those signatures do not show that Dorneman and Evans acted as Plan Administrator; instead LFG was the Plan Administrator.[1] Dorneman and Evans' signatures do not show that they exercised any discretionary authority or control over the Plan's management or assets. *See Wilmington Shipping Co. v. New England Life Ins. Co.*, 496 F.3d 326, 343 (4th Cir. 2007) (examining fiduciary status "in terms of functional control and authority over the plan"). Their signatures suggest a ministerial function that does not qualify an individual as a fiduciary. *See* 29 C.F.R. § 2509.75-8 (explaining that individuals who lack authority or power over a plan and prepare reports required by government agencies are not fiduciaries under ERISA). Accordingly, the plaintiffs fail to allege sufficient facts that support

---

[1] The Court normally accepts the complaint's factual allegations as true, but "in the event of a conflict between the bare allegations of the complaint and any exhibit attached," the exhibits control. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991).

their claims that Dorneman and Evans are fiduciaries of the Plan. The Court dismisses the claims against Dorneman and Evans.

Finally, the Court cannot determine from the record at this time whether the applicable statute of limitations bars the plaintiffs' claims against Defendants Blackwell, Bolton, Cooke, Kelly, Osgood, Prentiss, and Van Buskirk. Because determination of this matter requires more evidence as to the plaintiffs' actual knowledge and diligence, the Court denies the motion on this ground at this time.

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record.

Date:  December 30, 2014
       Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

A-3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| | : | |
| IN RE SUNTRUST BANKS, INC. | : | |
| ERISA LITIGATION | : | CIVIL ACTION NO. |
| | : | 1:08-CV-03384-RWS |
| | : | |
| | : | |
| | : | |
| | : | |

## <u>ORDER</u>

This matter is before the Court on Plaintiffs' Motion to Strike Defendants'

Fifth Affirmative Defense [Doc. No. 202].

Federal Rule of Civil Procedure 12(f) allows the Court to strike an

"insufficient defense or any redundant, immaterial, impertinent, or scandalous

matter." Plaintiffs seek to strike Defendants' fifth affirmative defense: "Plaintiffs'

claims are barred, in whole or part, because if any loss was suffered by Plaintiffs,

which is expressly denied, recovery of that loss from Defendants is barred by

ERISA § 404(c), 29 U.S.C. 1104(c)" [Doc. No. 195, p. 2]. Plaintiffs contend that

courts across the country and the U.S. Department of Labor ("DOL") have found

that the § 404(c) defense is inapplicable in this case. The crux of Plaintiffs'

allegations is that Defendants violated their ERISA-mandated duties by offering and maintaining the imprudent SunTrust common stock as an investment option for the Plan. Plaintiffs also contend that under DOL regulations, a participant's control over his/her plan account cannot be maintained if he/she is not given the appropriate information regarding the plan account/investment or is subject to misrepresentations regarding the plan's investment alternatives. See 29 C.F.R. § 2550.404c-1(b)(2)(i)(B); 29 U.S.C. § 1104(c)(1)(A).

Numerous courts have held that § 404(c) is inapplicable to a fiduciary's selection or retention of imprudent investment options. For example, the Seventh Circuit has held that it is the fiduciary's responsibility "to screen investment alternatives and to ensure that imprudent options are not offered to plan participants." Howell v. Motorola, Inc., 633 F.3d 552, 567 (7th Cir. 2011). The Court reasoned that "the choice of which investments will be presented in the menu that the plan sponsor adopts is not within the participant's power," but is instead "a core decision relating to the administraton of the plan and the benefits that will be offered to participants." Id. Ultimately, because it is "the fiduciary's responsibility to screen investment alternatives and ensure that imprudent options are not offered to plan participants," the Court held that § 404(c) was inapplicable.

2

Id.  The Fourth and Sixth Circuits have reached the same conclusion.  See DiFelice v. U.S. Airways, Inc., 297 F.3d 410, 418 n.3 (4th Cir. 2007) (holding that § 404(c) "does not insulate a fiduciary from liability for assembling an imprudent menu [of investment options] in the first place"); Pfeil v. State Street Bank & Trust Co., 671 F.3d 585, 599 (6th Cir. 2012) ("we hold that the safe harbor defense [of § 404(c)] does not apply under the circumstances because it does not relieve fiduciaries of the responsibility to screen investments").  While the Tenth Circuit has not yet addressed the issue, one district court within the Tenth Circuit has adopted the reasoning of Howell and DiFelice in granting a motion to strike defendants' asserted § 404(c) defense.  In re YRC Worldwide, Inc. ERISA Litig., No. 09-cv-2593, 2011 WL 1457288, at *4 (D. Kan. Apr. 15, 2011).

Further support for this conclusion is found in the DOL regulations regarding § 404(c), which state that "the act of limiting or designating investment options which are intended to constitute all or part of the investment universe of an ERISA 404(c) plan is a fiduciary function which, whether achieved through fiduciary designation or express plan language, is not a direct or necessary result of any participant direction of such plan." Final Regulation Regarding Participant Directed Inidividual Account Plans (ERISA Section 404 Plans), 57 Fed. Reg.

3

**A-6**

46906, 46924 n.27 (Oct. 13, 1992).  Moreover, the text of the regulation was amended in October 2010 to explicitly provide that the safe harbor provision "does not serve to relieve a fiduciary from its duty to prudently select and monitor any service provider or designated investment alternative offered under the plan." Fiduciary Requirements for Disclosure in Participant-Directed Individual Account Plans, 75 Fed. Reg. 64,910, 64,946 (Oct. 20, 2010) (codified at 29 C.F.R. § 2550.404c-1(d)(2)(iv)).  The DOL's position is entitled to significant deference because 29 U.S.C. § 1104(c), establishing the § 404(c) defense, gives the Secretary of Labor the duty to promulgate regulations determining whether a participant has control over the assets in his account.

In response, Defendants argue that there is a split of authority regarding the § 404(c) defense.  Defendants point to In re Unisys Plan Litigation, 74 F.3d 420 (3d Cir. 1996) and Langbecker v. Electronic Data Systems Corp., 476 F.3d 299 (5th Cir. 2007).  However, the Court does not find these cases persuasive.  The Unisys decision predates the 1992 DOL regulation which states that "limiting or designating investment options which are intended to constitute all or part of the investment universe of an ERISA 404(c) plan is a fiduciary function."  57 Fed. Reg. 46924 n.27 (Oct. 13, 1992).  As to Langbecker, the Court finds Judge

4

Reavley's dissent more persuasive than the majority's decision.

Given Plaintiffs' allegations in this case, which focus on the imprudent actions of the fiduciaries with regard to selecting investment options for the Plan, the Court finds that the same conclusion reached by the Seventh, Fourth, and Sixth Circuits is warranted here. For this reason, Plaintiffs' Motion to Strike Defendants' Fifth Affirmative Defense [Doc. No. 202] is GRANTED.

**SO ORDERED**, this 8th day of October, 2015.

_____

**RICHARD W. STORY**
United States District Judge

5

**A-8**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 06-43993 |
| TRANS-INDUSTRIES, INC., *et al.*, | Chapter 7 |
| | (Jointly Administered)[1] |
| Debtors. | Judge Thomas J. Tucker |
| _____/ | |

| | |
|---|---|
| DAVID W. ALLARD, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 07-6790 |
| DALE S. COENEN, KAI R. KOSANKE,<br>RICHARD A. SOLON, and DELMAR<br>E. FIELDS, | |
| Defendants. | |
| _____/ | |

## OPINION AND ORDER DENYING
## DEFENDANT RICHARD A. SOLON'S
## MOTION TO STRIKE PLAINTIFF'S JURY DEMAND

This case is before the Court on Defendant Richard A. Solon's motion to strike the jury

demand made by Plaintiff David W. Allard, Trustee (Docket # 76). The Court heard oral

argument on January 13, 2010, and took the motion under advisement.

For the reasons stated below, the Court concludes that Plaintiff does have a right to jury

trial, under the Seventh Amendment to the United States Constitution, on Count I of his

---

[1] This case (*In re Trans-Industries, Inc.*, Case No. 06-43993) is being jointly administered with
the following cases: *In re Transign, Inc.*, Case No. 06-43995; *In re Transmatic, Inc.*, Case No. 06-43997,
and *In re Vultron, Inc.*, Case No. 06-43998.

Complaint,[2] so that the motion to strike Plaintiff's jury demand must be denied.  This conclusion makes it unnecessary to rule on Plaintiff's other arguments as to why the motion should be denied, so the Court expresses no view on those other arguments.

Count I of the Complaint alleges that Defendant Solon and the three other defendants were fiduciaries of the Trans-Industries, Inc. Employee 401(k) Profit Sharing Plan and Trust (the "Plan"), an employee pension benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA").  Count I further alleges that Defendants breached their fiduciary duties under ERISA in several specified ways, causing damages to the Plan.[3]  Count I seeks a money judgment against Defendants for damages, based on §§ 502(a)(2) and 409(a) of ERISA, 29 U.S.C. §§ 1132(a)(2) and 1109(a).[4]

The United States Court of Appeals for the Sixth Circuit has repeatedly held that in an action to recover benefits due from an ERISA plan, under § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), there is no right to a jury trial, because such claims and the relief they seek are equitable in nature.  *See, e.g., Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 616 (6th Cir. 1998); *Bittinger v. Tecumseh Products Co.*, 123 F.3d 877, 883 (6th Cir. 1997); *Bair v. General Motors Corp.*, 895 F.2d 1094, 1096-97 (6th Cir. 1990); *Daniel v. Eaton Corp.*, 839 F.2d 263, 268 (6th Cir. 1988); *Crews v. Central States, Southeast and Southwest Areas Pension Fund*, 788 F.2d 332, 338 (6th Cir. 1986).

---

[2] The Complaint appears at Docket # 1 of the Court's docket, and contains two counts.  Count II has been dismissed as to all defendants, so only Count I remains.

[3] Complaint (Docket # 1) at ¶¶ 21-38.

[4] *Id.* at ¶ 38 and p. 9.

2

But in at least two such cases, the Sixth Circuit has noted that there may be other types of

actions under ERISA for which there *is* a right to jury trial. *See Daniel*, 839 F.2d at 268;

*Bittinger*, 123 F.3d at 883.

The parties agree, and the Court notes, that the Sixth Circuit has not yet decided the issue

presented in this case; namely, whether there is a right to jury trial in an action seeking damages

for breach of fiduciary duty, under the combination of ERISA's § 502(a)(2) and 409(a), 29

U.S.C. §§ 1132(a)(2) and 1109(a).[5]

There is a split in the case law on this question.  Some cases have held that there is a right

to jury trial under the Seventh Amendment in such an action.  *See, e.g., Bona v. Barasch*, No. 01

Civ. 2289, 2003 WL 1395932 (S.D.N.Y. March 20, 2003), at *33-35, *9-12 (and cases cited

therein).  In *Bona*, the court held that there is a right to jury trial on such a claim, because the

damages remedy sought must be viewed as legal in nature, not equitable, in light of the United

---

[5] Count I of Plaintiff's Complaint seeks relief in the nature of compensatory damages, for losses caused to the Plan by Defendants' alleged breaches of fiduciary duties.  Contrary to Defendant Solon's assertion at oral argument, the Complaint does not seek any other form of relief, such as disgorgement of any distributions or other payments received from the Plan by any of the Defendants.  Nor does the Complaint seek equitable relief such as equitable restitution, as the Supreme Court has defined that concept in *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002).

The damages relief Plaintiff seeks is authorized by ERISA § 409(a), 29 U.S.C. § 1109(a), which states in pertinent part that:

> Any person who is a fiduciary with respect to a plan who breaches any
> of the responsibilities, obligations, or duties imposed on fiduciaries by
> this subchapter shall be personally liable to make good to such plan any
> losses to the plan resulting from each such breach[.]

ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), in turn, states, in relevant part, that "[a] civil action may be brought . . . by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title."

3

**A-11**

States Supreme Court's discussion of those concepts in *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002).

Other cases, including a decision of the district court from this district, have held to the contrary.[6] *Trustees of Carpenters Pension Trust Fund-Detroit and Vicinity v. Cimarron Services, Inc.*, No. 06-CV-15095, 2007 WL 2081459 (E.D. Mich. July 19, 2007), at *2; *see also Ellis v. Rycenga Homes, Inc.*, No. 1:04-cv-694, 2007 WL 1032367 (W.D. Mich. April 2, 2007), at *2-4 (not deciding the issue, but citing cases on both sides).

After carefully considering the arguments and cases presented by the parties, this Court is persuaded that the reasoning and decision of the court in *Bona v. Barasch* is correct, and that it applies with equal force to the jury trial issue in this case. The Court holds, therefore, that Plaintiff does have a right to jury trial, under the Seventh Amendment, on his breach-of-fiduciary duty claim in Count I of the Complaint.[7]

The *Bona* court's reasoning and decision, including its reading and application of the Supreme Court's decision in *Great-West Life & Annuity Ins. Co.*, was later reinforced by the Second Circuit's decision in *Pereira v. Farace*, 413 F.3d 330, 339-40 (2d Cir. 2005).[8] In *Pereira*, the court held that there was a right to jury trial, under the Seventh Amendment, on a Chapter 7 bankruptcy trustee's state common law claim for damages for breach of fiduciary duty,

---

[6] While this Court always gives careful consideration of decisions of the district court for this district, such decisions are not binding on this Court, as a matter of *stare decisis*. *See, e.g., First of America Bank v. Gaylor (In re Gaylor)*, 123 B.R. 236, 241-43 (Bankr. E.D. Mich. 1991).

[7] As permitted by 11 U.S.C. § 157(e), the parties all have expressly consented to the undersigned bankruptcy judge conducting the jury trial. *See* Report of Parties' Rule 26(f) Conference (Docket # 24) at 3 ¶ 3(e)(ii).

[8] To the extent the *Ellis* case criticizes *Bona* and *Pereira*, this Court finds *Ellis* unpersuasive.

brought against the bankruptcy debtor's former chief executive officer.  Although *Pereira* was

not an ERISA case, the reasoning of that case strongly supports the Court's ruling on the jury

trial issue in this case.

For the reasons stated above,

IT IS ORDERED that Defendant Richard A. Solon's motion to strike Plaintiff's jury

demand (Docket # 76) is denied.

**Signed on January 14, 2010**

/s/ **Thomas J. Tucker**
**Thomas J. Tucker**
**United States Bankruptcy Judge**

5

**A-13**