UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE 2014 RADIOSHACK ERISA LITIGATION | ) | |
| | ) | |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | Master File No. 4:14-cv-00959-O |
| | ) | |
| ALL ACTIONS | ) | |
| | ) | |

**DEFENDANT BANCO POPULAR DE PUERTO RICO'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFFS' AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT AND TO STRIKE JURY DEMAND**

Nancy J. Sennett (WI Bar No. 1009940, admitted pro hac vice)
David J.B. Froiland (WI Bar No. 1031370, admitted pro hac vice)
Aaron R. Wegrzyn (WI Bar No. 1094262, admitted pro hac vice)
**FOLEY & LARDNER LLP**
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
Telephone: 414.271.2400
Facsimile: 414.297.4900

Dennis J. Keithly, Jr. (TX Bar No. 24050859)
**YUNG KEITHLY LLP**
208 North Market Street
Suite 200
Dallas, TX 75202
Telephone: 214.741.0422
Facsimile: 214.220.9932

*Attorneys for Defendant Banco Popular de Puerto Rico*

## <u>INTRODUCTION</u>

Plaintiffs' sole claim against Banco Popular[1] is Breach of Fiduciary Duty (ACCAC ¶¶ 384-393, Count IV).  This claim should be dismissed given the following three undisputed facts:

- Banco Popular was the directed trustee of the Puerto Rico Plan.

- No named Plaintiff participated in the Puerto Rico Plan.

- The named Plaintiffs never participated in any ERISA plan in which Banco Popular served as a fiduciary.

Banco Popular never served as a trustee of any retirement investment account for Manoj P. Singh, Jeffrey Snyder, William A. Gerhart, or Steven Wolpin.  Therefore, Banco Popular never owed any fiduciary duty to these Plaintiffs.  Banco Popular did not have a role in the management of the named Plaintiffs' investments and none of the named Plaintiffs' alleged injuries is traceable to any action or inaction on the part of Banco Popular.

Plaintiffs' cited authorities are inapposite.  Plaintiffs cite to cases that establish that a plaintiff who already has individual standing to sue a particular defendant based on his or her participation in one plan operated by the defendant can likewise sue on behalf of other ERISA plans managed by that same defendant.  However, there is a critical condition precedent: the plaintiff must first have individual standing against the defendant with respect to one plan before the plaintiff can bring a class suit on behalf of the defendant's other plans.  A plaintiff cannot simply add a defendant with whom he or she has no connection to a lawsuit and claim that other individuals' potential standing against that defendant suffices.

---

[1] Capitalized terms in this Reply retain the same definitions used in Banco Popular's opening Memorandum of Law (ECF No. 97, "Opening Mem.").

Plaintiffs' arguments blur the distinction between a *plan* in which the plaintiff does not participate and a *defendant* with whom a plaintiff has no connection.  For example, citing to *Forbush v. J.C. Penny Co., Inc.*, 994 F.2d 1101 (5th Cir. 1993), Plaintiff alleges: "Forbush sought to represent participants in four different pension *plans* despite the fact that she was a participant in only one."  (Pls. Br. at 9) (emphasis added).  The focus in *Forbush* was upon various plans operated by the defendant in which the plaintiff may not have participated, not various defendants with whom the plaintiff had no connection.  Plaintiffs' other cases likewise deal with alternative plans, not alternative defendants.  Plaintiffs do not have standing to sue Banco Popular, and the pursuit of class adjudication does not change this fact.

In addition to failing to demonstrate their standing to sue Banco Popular, Plaintiffs' ACCAC also fails to state a viable claim against Banco Popular.  Plaintiffs fail to allege the type of extraordinary circumstances that would trigger a directed trustee's duty to disobey directions received from the plan's named fiduciary, and Banco Popular cannot be liable as a co-fiduciary as a matter of law.  For these reasons, and those more fully explained in Banco Popular's opening memorandum, Banco Popular respectfully asks that the Court dismiss all claims against Banco Popular with prejudice.

## ARGUMENT

### I.    Plaintiffs Lack Individual Standing vis-à-vis Banco Popular

The baseline test for a plaintiff's standing is simple: the plaintiff must, at a minimum, have a direct connection to the defendant that he or she is suing and the plaintiff's alleged injuries must be "fairly traceable" to the defendant's allegedly unlawful conduct.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).   In this case, such a connection between Plaintiffs and Banco Popular is absent and there is no way to trace Plaintiffs' alleged

2

injuries back to Banco Popular's actions or inactions.  Plaintiffs never dealt with Banco Popular

and Banco Popular never served as a fiduciary of any retirement plan for the named Plaintiffs.

Plaintiffs' contention that the "specific standing issue raised as to Banco Popular

is undecided" is factually inaccurate.  Even the cases that Plaintiffs cite establish that a plaintiff

must demonstrate individual standing vis-à-vis each defendant, regardless of whether or not the

plaintiff is pursuing class adjudication.  As the Sixth Circuit stated in *Fallick* (Pls. Br. at 7),

"[t]hreshold individual standing is a prerequisite for all actions, including class actions. … A

potential class representative must demonstrate *individual standing vis-à-vis the defendant*; he

cannot acquire such standing merely by virtue of bringing a class action." *Fallick v. Nationwide

Mut. Ins. Co.*, 162 F.3d 410, 423 (6th Cir. 1993) (emphasis added); *accord. NECA-IBEW Health

& Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 159 (2d Cir. 2012) ("[T]o establish

Article III standing in a class action . . . for every named defendant there must be at least one

named plaintiff who can assert a claim directly against that defendant."); *Davis v. Page*, 714 F.2d

512, 520 (5th Cir. 1983) ("A case or controversy must exist between the plaintiff and each

defendant.").  This is black letter law.

Plaintiffs actually admit that they must "demonstrate individual standing vis-à-vis

the defendant" (Pls. Br. at 7), but they fail to explain how they satisfy that requirement with

respect to Banco Popular.[2]  Plaintiffs likewise admit that "Banco Popular was only the trustee for

---

[2] On page 7 of their response, Plaintiffs purport to rely on the *Fallick* court's statement
that "once an individual has alleged a distinct and palpable injury to himself he has standing to
challenge a practice even if the injury is of a sort shared by a large class of possible litigants."
*Fallick*, 162 F.3d at 423.  However, Plaintiffs do not explain how Plaintiffs have suffered a
distinct and palpable injury resulting from Banco Popular's actions or inactions, as opposed to
alleged injuries attributable to the actions of other defendants or third-parties.  *See Lujan*, 504
U.S. at 560 (holding that there must be a causal connection that allows the plaintiff's injury to be
fairly traced back to the defendant's action, rather than independent action by a third-party).

the Puerto Rico Plan" (Pls. Br. at 9), but they fail to square this admission with their cited authorities. *See Fallick*, 162 F.3d at 423 (holding that a plaintiff must demonstrate individual standing vis-à-vis the defendant). The fact that Banco Popular was not a fiduciary of the 401(k) Plan demonstrates that Banco Popular never owed Plaintiffs any fiduciary duty, and that Plaintiffs were not, and could not have been, harmed by any action or inaction on the part of Banco Popular. Thus, none of the Plaintiffs have a personal claim against Banco Popular.[3]

Notably, all of the cases relied upon by Plaintiffs regarding standing are distinguishable from the case at hand on the same grounds: Plaintiffs' cases all involved named plaintiffs who (unlike those here) personally possessed direct claims against the defendant being sued. *See Fallick*, 162 F.3d at 411 (plaintiff was a participant and beneficiary in one of the defendant's ERISA plans); *In re Merck & Co., Inc., Sec., Der., & ERISA Litig.*, No. 05-cv-2369, 2006 WL 2050577, *3 (D.N.J. July 11, 2006) (plaintiffs were participants in a number of the defendant's ERISA plans); *Forbush v. J.C. Penney Co., Inc.*, 994 F.2d 1101, 1103 (5th Cir. 1993) (plaintiff was a member of one of the defendant's ERISA plans); *Mulder v. PCS Health Systems, Inc.*, 216 F.R.D. 307 (D.N.J. 2003) (plaintiff was a participant in one of the defendant's ERISA plans).[4] In this case, it is undisputed that Plaintiffs were not participants, beneficiaries,

---

[3] Plaintiffs' arguments regarding the public policy goals and purposes behind ERISA are insufficient to confer Article III standing on them, as Congress may not lower the standing threshold imposed by the Constitution. *See In re Pointer*, 952 F.2d 82, 85 (5th Cir. 1992 ("In no event, however, may Congress abrogate the Art. III minima [for standing.]").

[4] *See also Pilkington PLC v. Perelman*, 72 F.3d 1396 (9th Cir. 1995) (dealing with a claim by a successor fiduciary brought against a fiduciary of a predecessor ERISA plan that allegedly caused direct injury to the subsequent pension plan); *Caranci v. Blue Cross & Blue Shield*, 194 F.R.D. 27 (D.R.I. 2000) (plaintiffs participated in multiple of the defendant's retirement plans); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 592 (8th Cir. 2009) (noting that the plaintiff had "alleged a causal connection between [defendants'] actions . . . and his injury" as the defendants were the fiduciaries of the plaintiff's plan); *Sprint Commc'ns Co. v.*

4

or fiduciaries of any ERISA plan for which Banco Popular served as a fiduciary, distinguishing the present facts from those in *Fallick*, *Forbush*, *Merck*, and *Mulder*.

The more factually-analogous case is *In re Reliant Energy ERISA Litig.*, 336 F. Supp. 2d 646 (S.D. Tex. 2004). The *Reliant* case involved a situation, like that presently before the Court, where a plaintiff brought class action claims against two types of defendants: the fiduciaries of the plan in which he participated and other defendants with whom the plaintiff had no direct connection (the Reliant Resources, Inc. or "RRI Defendants"). While the *Reliant* court allowed the plaintiff to pursue class claims against the defendants against whom he personally had claims, it dismissed the RRI Defendants because the plaintiff did not personally have standing to sue them. *Id.* at 653.[5] The *Reliant* court distinguished the outcome in *Fallick* by noting that, "[i]n *Fallick*, there was no question that the plaintiff had a justiciable controversy against both of the defendants named in the case." *Id.* The *Reliant* court rejected the plaintiff's standing argument against the RRI Defendants because he had "*no relationship whatsoever with Defendant RRI or the RRI Plan.*" *Id.* (emphasis in original).[6] Just as the plaintiff in *Reliant* lacked sufficient standing to pursue claims against defendants who were not fiduciaries of any plan in which he ever participated, Plaintiffs in this case lack standing to sue Banco Popular because Banco Popular was never a fiduciary over any of their plans.

---

*APCC Servs., Inc.*, 554 U.S. 269 (2008) (addressing the standing of an assignee to bring suit on the claim assigned to it).

[5] Plaintiffs' attempt to distinguish *Reliant* on the ground that the case involved plans managed corporate parent and its subsidiary (Pls. Br. at 10) is unavailing. If anything, Banco Popular has even less connection to the 401(k) Plan than the RRI Defendants had to the *Reliant* plaintiff's retirement plan, as Banco Popular is not a corporate affiliate of any RadioShack entity.

[6] The *Reliant* court distinguished the decision in *Forbush* on the same grounds. *Id.*

The best that Plaintiffs can do is argue that Banco Popular acted in a manner similar to the fiduciaries of their ERISA plan.  (Pls. Br. at 7-9).  However, this does not give Plaintiffs a legal cause of action against Banco Popular.  "To demonstrate that they have standing, named plaintiffs in a class action suit *must meet every element of standing as to each defendant*, including alleging that they were injured *by each defendant* named in the suit." *Martin v. BMS Enters.*, No. 3:09-CV-2159, 2010 U.S. Dist. LEXIS 66050, *7 (N.D. Tex. July 1, 2010) (emphasis added).  Given that Banco Popular was not a fiduciary of any of the named Plaintiffs' ERISA plans, Banco Popular never owed Plaintiffs any fiduciary duty.  *See Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 247 (5th Cir. 1990) (holding that "obligations of ERISA fiduciaries run only toward the plan, for the benefit of participants and beneficiaries" and that fiduciaries owed no duty to third-party).  Similarly, without participation in a plan administered by Banco Popular, Plaintiffs cannot trace their alleged injuries to Banco Popular's actions or inactions (as opposed to the actions or inactions of the fiduciaries of the 401(k) Plan).  *See Johnson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 719 F.3d 601, 606 (7th Cir. 2013) (holding that an ERISA plaintiff lacked standing to sue the defendant because his injury was not "fairly traceable to the defendant," but rather to the independent actions of a third-party).  Without a basis for a fiduciary duty owed by Banco Popular to Plaintiffs and without any connection between Plaintiffs' alleged injuries and Banco Popular's actions or inactions, the ACCAC fails to provide a footing for the named Plaintiffs' standing to sue Banco Popular.[7]

---

[7] Plaintiffs' contention that, even if they individually lack standing, they can pursue claims on behalf of absent class members (Pls. Br. at 11 n. 19) is incorrect.  *See Reliant*, 336 F. Supp. 2d at 653 ("That Plaintiff seeks to represent a class of plaintiffs, some of whom might have standing to assert claims against [the defendant], does not relieve Plaintiff of the requirement that *he personally* must have a concrete complaint against [the defendant].") (emphasis added).

Perhaps recognizing the weakness of their standing arguments, Plaintiffs emphasize the current procedural posture, noting that all inferences must be drawn in their favor on a motion to dismiss.  (Pls. Br. at 4-5).  However, Plaintiffs do not specify any factual inference that should be drawn in their favor.  It is undisputed that Plaintiffs never participated in an ERISA Plan over which Banco Popular served as a fiduciary.  It is Plaintiffs' burden to prove that they have standing and "on a motion to dismiss, plaintiffs must allege *facts that give rise to a plausible claim* of [the plaintiff's] standing."  *Cornerstone Christian Schs. v. Univ. Interscholastic League*, 563 F.3d 127, 134 (5th Cir. 2009).   Where a defendant raises a factual challenge to a plaintiff's standing, the court must look beyond the allegations of the complaint and evaluate for itself the merits of plaintiffs' jurisdictional claims; it cannot merely presume that subject matter jurisdiction exists.  *See Lee v. Verizon Commc'ns., Inc.*, 954 F. Supp. 2d 486, 496 (N.D. Tex. 2013).  Plaintiffs have failed to satisfy their burden to show that the facts alleged and reasonable inferences therefrom support their individual standing to sue Banco Popular.

Further, Plaintiffs' argument that any questions about standing should be left for the class certification stage (Pls. Br. at 11) is misguided.  Standing is a basic prerequisite that must be addressed by a court prior to class certification, as standing "determines the court's fundamental power even to hear the suit."  *Rivera v. Wyeth-Ayerst Labs.*, 283 F.3d 315, 319 (5th Cir. 2002); *see also Hargrave v. TXU Corp.*, 392 F. Supp. 2d 785, 788 (N.D. Tex. 2005) (dismissing ERISA claims prior to reaching Rule 23 issues because plaintiffs lacked standing); *Owens v. Nationwide Mut. Ins. Co.*, 2003 U.S. Dist. LEXIS 17461, at *4 (N.D. Tex. Oct. 1, 2003) ("In the class action context, a challenge to a plaintiff's individual standing must be considered before reaching the merits of class certification.").  Because Plaintiffs lack standing to sue Banco Popular, the Court lacks jurisdiction over the claims asserted against Banco

7

Popular, and it would be inappropriate to delay dismissal until the class certification stage. Moreover, Plaintiffs do not explain how waiting until class certification promotes judicial economy: Plaintiffs' lack standing now and will continue to lack standing at class certification.

## II.   Plaintiffs' Fail to Allege Facts Giving Rise to a Duty on the Part of Banco Popular to Disregard Plan Directions

As explained in detail in Banco Popular's opening memorandum (Op. Mem. at 17-23), Plaintiffs have failed to allege facts that would give rise to a duty on the part of Banco Popular to violate directions received from the Puerto Rico Plan's named fiduciary and the investment elections made by plan participants.   Plaintiffs admit that the Department of Labor's Field Assistance Bulletin 2004-03 (the "FAB") largely governs the plausibility of their claims. (Pls. Br. at 12.)  The FAB takes a narrow view of directed trustee's fiduciary duties, and a duty to disregard directions received by the directed trustee only arises "[i]n limited, extraordinary circumstances," by public indicators "that call into serious question a company's viability as a going concern."  (FAB).  Such circumstances are not alleged in Plaintiffs' ACCAC.

Importantly, Plaintiffs make no effort to specify what constituted the "extraordinary circumstance" that triggered Banco Popular's supposed duty to disregard the plan documents and start selling-off company stock that the plan's named fiduciary had instructed should be made available to participants (and in which participants elected to invest).  Plaintiffs' do not dispute the fact that newspaper articles and analyst reports are insufficient in themselves to trigger a directed trustee's duty (Pls. Br. at 16), but do not direct the Court to the specific circumstances that supposedly should have placed Banco Popular on notice that RadioShack's viability as a going concern was in danger.

Plaintiffs' arguments fail to give effect to the limited duty of a directed trustee such as Banco Popular, and therefore fail to abide by the statute's structure of varying levels of

fiduciary responsibility.  "[W]hile it may be accurate to say that ERISA's general purpose is to protect plan assets, this does not mean that all ERISA actors and fiduciaries in all circumstances have a duty of ordinary care.  Section 403(a) and the various analogous provisions noted here make clear that Congress intended to limit the liability of certain fiduciaries for actions over which these fiduciaries have no discretionary authority."  *DeFelice*, 397 F. Supp. 2d 735, 750 (E.D. Va. 2005).

### III.     Banco Popular Cannot be Liable as a Co-Fiduciary as a Matter of Law

Finally, as explained previously (Op. Mem. at 23-25), ERISA plaintiffs cannot use the statute's co-fiduciary liability provisions as an "end run" around the statutory limitations on directed trustees' fiduciary obligations.  A directed trustee's individual fiduciary duties and its duties as a co-fiduciary are "essentially coextensive," because any other rule would mean that ERISA § 403(a)'s limitations on a directed trustee's fiduciary duties would be meaningless in practical terms (*i.e.* a plaintiff could always avoid the limitations by simply pleading co-fiduciary liability).  *See DiFelice v. U.S. Airways*, 397 F. Supp. 2d 735, 757 (E.D. Va. 2005); *see also In re RCN Litig.*, No. 04-5068, 2006 U.S. Dist. LEXIS 12929, at *23-27 (D.N.J. March 21, 2006) (holding that co-fiduciary claims against directed trustees are "unsustainable" in the absence of facts suggesting actual knowledge of other fiduciaries' breaches).

Furthermore, Plaintiffs' arguments regarding co-fiduciary liability ignore the requirement that a defendant possess "actual knowledge" of the other fiduciary's breaches.  *See Donovan v. Cunningham*, 716 F.2d 1455, 1475 (5th Cir. 1983).[8]  Federal appellate courts have

---

[8] Plaintiffs do so despite the fact that the cases upon which they purport to rely emphasize the actual knowledge requirement for co-fiduciary liability.  (Pls. Br. at 19-20, quoting *In re Touch Am. Holdings, Inc.*, No. CV-02-106, 2006 U.S. Dist. LEXIS 94707, *37 (D. Mont. June

held that allegations that a directed trustee failed to adequately investigate information received from a named fiduciary are incompatible with claims for co-fiduciary liability, precisely because a claim for lack of due diligence is fundamentally in tension with alleging actual knowledge. *See, e.g., Renfro v. Unisys Corp.*, 671 F.3d 314, 324-325 (3d Cir. 2011).[9]

In situations where, as here, an ERISA plaintiff generically alleged co-fiduciary liability in an attempt to circumvent the limitations on directed trustees' liability, without specific allegations of fact supporting the defendant's actual knowledge of other fiduciaries' breaches, the co-fiduciary liability claims must be dismissed. *See DiFelice*, 397 F. Supp. 2d at 757.

## CONCLUSION

For the foregoing reasons, Banco Popular asks the Court to grant its motion, dismiss all of Plaintiffs' claims against Banco Popular with prejudice, and dismiss Banco Popular from this lawsuit.

---

15, 2006) ("Proof of actual knowledge, as distinct from constructive knowledge, is required under 29 U.S.C. §1105(a)(1) and (3).").)

[9] Similar to their cases on standing, Plaintiffs' cases addressing co-fiduciary liability are also inapposite. *See Koch v. Dwyer*, 1999 U.S. Dist. LEXIS 11101, *34-35 (S.D.N.Y. July 20, 1999) (addressing argument that co-fiduciary claims were premature); *Solis v. Webb*, 931 F. Supp. 2d 936, 951-952 (N.D. Cal. 2012) (alleged that defendants had actual knowledge); *Kling v. Fid. Mgmt. Trust Co.*, 270 F. Supp. 2d 121 (D. Mass. 2003) (addressing directed trustee's direct liability); *Slack v. Int'l Union of Operating Eng'rs.*, 2014 U.S. Dist. LEXIS 115568 (N.D. Cal. Aug. 19, 2014) (alleging specific facts indicating directed trustee succumbed to "pressure" from other fiduciaries).

Dated:  November 17, 2015                    Respectfully submitted,


                                             s/ *Aaron R. Wegrzyn*
                                             Nancy J. Sennett WI Bar No. 1009940
                                             (admitted pro hac vice)
                                             David J.B. Froiland WI Bar No. 1031370
                                             (admitted pro hac vice)
                                             Aaron R. Wegrzyn WI Bar No. 1094262
                                             (admitted pro hac vice)
                                             **FOLEY & LARDNER LLP**
                                             777 East Wisconsin Avenue
                                             Milwaukee, WI 53202-5306
                                             Telephone: 414.271.2400
                                             Facsimile: 414.297.4900


                                             Dennis J. Keithly, Jr. TX Bar No. 24050859
                                             **YUNG KEITHLY LLP**
                                             208 North Market Street
                                             Suite 200
                                             Dallas, TX 75202
                                             Telephone: 214.741.0422
                                             Facsimile: 214.220.9932


                                             *Attorneys for Defendant Banco Popular de*
                                             *Puerto Rico*

11

<u>**CERTIFICATE OF SERVICE**</u>

On November 17th, 2015, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

<u>s/ *Aaron R. Wegrzyn*</u>