IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| IN RE 2014 RADIOSHACK ERISA LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | MASTER FILE NO. 4:14-cv-00959-O |

**NOTICE OF SETTLEMENT AND EXPEDITED JOINT UNOPPOSED MOTION, AND BRIEF IN SUPPORT, FOR STAY OF ALL PROCEEDINGS WITH RESPECT TO DEFENDANTS WELLS FARGO AND BANCO POPULAR**

Plaintiffs Manoj P. Singh, Jeffrey Snyder, and William A. Gerhart (collectively, "Plaintiffs"); and Defendants Wells Fargo Bank, NA ("Wells Fargo") and Banco Popular de Puerto Rico ("Banco Popular") (and collectively with Wells Fargo, the "Trustee Defendants"),[1] hereby notify the Court of the settlement of all claims against the Trustee Defendants and move for entry of a stay of all proceedings against the Trustee Defendants in the above-captioned case (the "Action"), except those related to the implementation of a settlement. The Parties respectfully request expedited consideration of the stay of all proceedings **only** as to the Trustee Defendants given that, under the Court's scheduling order (Dkt. No. 107), the Trustee Defendants will be attending Plaintiff Singh's deposition on Wednesday, December 2, 2015, and the Trustee Defendants' expert reports regarding class certification are due on December 3, 2015. In support of their Joint Motion, the Plaintiffs and Trustee Defendants state as follows:

1.     Plaintiffs and the Trustee Defendants have participated in a series of telephonic discussions, which culminated in a face-to-face mediation session before a well-known and

---

[1] Plaintiffs and the Trustee Defendants are collectively referred to as the "Parties."

1

respected mediator on November 24, 2015, John Bickerman of Bickerman Dispute Resolution, PLLC.[2]  As a result of the settlement discussions and mediation session, Plaintiffs and the Trustee Defendants have signed a Term Sheet that outlines the principal terms of the Settlement of the Action as against the Trustee Defendants.  If requested, the Parties will provide the Court with a copy of the Term Sheet for *in camera* review.

2. The Plaintiffs and Trustee Defendants have agreed to draft and finalize a comprehensive settlement agreement and file it with the Court, along with all required pleadings in support of a motion for preliminary approval, no later than December 21, 2015.  In particular, in connection with their motion for preliminary approval, Plaintiffs will present to the Court a proposed form of notice of the settlement to be disseminated to the settlement class, a proposed plan of allocation for the distribution of the settlement proceeds to the settlement class, and asking for a final fairness hearing date to consider all aspects of the settlement.  If the Court grants final approval of the settlement, the Trustee Defendants will be dismissed from this Action.

3. The Plaintiffs and Trustee Defendants respectfully request that, in light of the settlement of all claims as against the Trustee Defendants, the Court order that any and all proceedings and deadlines be stayed with respect to the Trustee Defendants, except those necessary to the implementation of a settlement.

4. This Court has the power to stay proceedings, as "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also* Wright, Miller & Kane, Federal Practice and

---

[2] *See* http://www.bickerman.com/home.

Procedure: Civil 2d § 2901, Vol. 11, p. 491 (West 1995) ("Stays prior to judgment, to await a decision in another forum, or for some other purpose . . . are left to the inherent power of the court"). In determining whether a stay is proper, courts consider the interests of the parties and potential conservation of judicial resources and "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. And, courts routinely stay litigation during the settlement approval process. *See*, *e.g.*, *Vodanovich v. BOH Bros. Const. Co., LLC*, No. CIV.A. 05-4191, 2013 WL 1155219, at *9 (E.D. La. Mar. 19, 2013) (staying all claims against the released parties pending final approval of a class settlement); *Klein v. O'Neal, Inc.*, 705 F. Supp. 2d 632, 641 (N.D. Tex. 2010), as modified (June 14, 2010), judgment entered (June 18, 2010), enforcement denied, No. 7:03-CV-102-D, 2011 WL 2413318 (N.D. Tex. June 15, 2011) (staying case so the parties could pursue settlement); *see also Rodger v. United States*, No. 05-cv-2406-D, 2008 WL 336383, at *3 (N.D. Tex. Feb. 5, 2008) (noting "this court frequently stays dispositive rulings when *both* sides seek such relief so that they can pursue settlement negotiations") (emphasis in original); *Murillo v. Texas A & M Univ. Sys.*, 921 F. Supp. 443, 445 (S.D. Tex. 1996) (observing that the court entered a stay pending negotiation and approval of a class action settlement). A stay of the Action as to Wells Fargo and Banco Popular is proper because: (i) it will allow the Parties to devote their energies towards drafting and finalizing the settlement agreement and all pleadings associated with a class action settlement, (ii) it will allow the Parties to avoid spending unnecessary resources in litigating settled claims.

5. As a condition of the Settlement, the Trustee Defendants required that the Court stay all proceedings against them. This is a material term of the proposed Settlement. Plaintiffs have agreed to this condition in light of certain other concessions by the Trustee Defendants. Thus, in order to begin to effectuate the Settlement and, subsequent to the Court's approval of

the Settlement provide the Settlement's benefit to the Class Members, Plaintiffs have filed this motion.

6. The stay of proceedings also does not apply to any of the non-settling parties: Defendants Administrative Committee of the RadioShack 401(k) Plan, Administrative Committee of the RadioShack Puerto Rico 1165(e) Plan, James F. Gooch, Joseph C. Magnacca, Robert E. Abernathy, Frank J. Belatti, Julia A. Dobson, Daniel A. Feehan, H. Eugene Lockhart, Jack L. Messman, Thomas G. Plaskell, Edwina D. Woodbury, Mark Barfield, Karina Davis, Eric Hales, Justin Johnson, Michael Keyser, Kevin Krautkramer, Martin Moad, and Sri Reddy.

WHEREFORE, for the reasons stated above, the Parties respectfully request that this Court enter the Order Staying All Proceedings as Against the Trustee Defendants submitted contemporaneously herewith.

Dated: November 25, 2015

Respectfully Submitted,

/s/ Roger L. Mandel
Roger L. Mandel
State Bar No. 12891750
Bruce E. Bagelman
State Bar No. 01509700
LACKEY HERSHMAN, LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, TX 75219
Telephone: (214) 560-2201
Facsimile: (214) 560-2203
Email: rlm@lhlaw.net
       beb@lhlaw.net

*Interim Liaison Class Counsel*

Edward W. Ciolko (admitted *Pro Hac Vice*)
Donna Siegel Moffa (admitted *Pro Hac Vice*)
Mark K. Gyandoh (admitted *Pro Hac Vice*)
Julie Siebert-Johnson (admitted *Pro Hac Vice*)
KESSLER TOPAZ MELTZER & CHECK LLP
280 King Of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
Email: eciolko@ktmc.com
       dmoffa@ktmc.com
       mgyandoh@ktmc.com
       jsjohnson@ktmc.com

*Interim Lead Class Counsel Committee Chair*

/s/ Russell L. Hirschhorn
PROSKAUER ROSE LLP
Russell L. Hirschhorn (*admitted pro hac vice*)
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3286
Facsimile: (212) 969-2900
Email: rhirschhorn@proskauer.com

PROSKAUER ROSE LLP
Howard Shapiro (*admitted pro hac vice*)
Stacey C.S. Cerrone
650 Poydras Street, Suite 1800
New Orleans, LA 70130
Telephone: (504) 310-4085
Facsimile: (504) 522-5771
Email: howshapiro@proskauer.com

SIDLEY AUSTIN LLP
Michelle LeGrand Hartmann
2001 Ross Avenue
Suite 3600
Dallas, Texas 75201
Telephone: (214) 981-3416
Facsimile: (214) 981-3400
Email: mhartmann@sidley.com

SIDLEY AUSTIN LLP
Anne E. Rea (*admitted pro hac vice*)
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7156
Facsimile: (312) 853-7036
Email: area@sidley.com
*Attorneys for Defendant Wells Fargo*

Gerald D. Wells, III
Robert J. Gray (*admitted pro hac vice*)
CONNOLLY WELLS & GRAY, LLP
(*Pro Hac Vice to be requested*)
2200 Renaissance Boulevard
Suite 308
King of Prussia, PA  19406
Telephone:  (610) 822-3700
Facsimile:  (610) 822-3800
Email:  gwells@cwg-law.com
　　　　rgray@cwg-law.com

Michael J. Klein (*admitted Pro Hac Vice*)
STULL, STULL & BRODY
6 East 45th Street
New York, NY 10017
Telephone:  (212) 687-7230
Facsimile:  (212) 490-2022
Email:  mklein@ssbny.com

*Interim Lead Class Counsel Committee Members*

George C. Aguilar (*admitted pro hac vice*)
ROBBINS ARROYO LLP
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
Email: gaguilar@robbinsarroyo.com

*Counsel for Plaintiff Wolpin*

*/s/ Nancy J. Sennett*
Nancy J. Sennett (*admitted pro hac vice*)
David J.B. Froiland (*admitted pro hac vice*)
Aaron R. Wegrzyn (*admitted pro hac vice*)
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
414.297.5522 (NJS)
414.297.5579 (DJBF)
414.319.7028 (ARW)
414.297.4900 (facsimile)
nsennett@foley.com
dfroiland@foley.com
awegryzn@foley.com

Andrew W. Yung
Dennis Keithly
YUNG KEITHLY LLP
208 N. Market Street, Suite 200
Dallas, TX  75202
214.220.0422
214.220.9932 (facsimile)
Andrew.yung@yungkeithly.com
Dennis.keithly@yungkeithly.com

*Attorneys for Defendant Banco Popular de Puerto Rico*

**CERTIFICATE OF CONFERENCE PURSUANT TO L.R. 7.1(b)**

This Motion is unopposed. On November 25, 2015, counsel for Wells Fargo asked counsel for the non-settling Defendants via email their position regarding Plaintiffs and the Trustee Defendants' motion for a stay. Counsel for the non-settling Defendants responded by email on November 25, 2015 indicating that the non-settling Defendants do not oppose the motion.

*/s/ Mark K. Gyandoh*
Mark K. Gyandoh (*admitted Pro Hac Vice*)

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 25, 2015, I electronically filed the foregoing with the clerk of Court using the CM/ECF system, which will send a notification to all counsel of record in this Action.

*/s/ Roger L. Mandel*
Roger L. Mandel
