IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| IN RE 2014 RADIOSHACK ERISA LITIGATION ) ) ) | MASTER FILE NO. 4:14-cv-00959-O |
| THIS DOCUMENT RELATES TO: ) ) | |
| ALL ACTIONS ) ) | |

**APPENDIX TO PLAINTIFFS' MOTION TO STRIKE ARGUMENT OR IN THE ALTERNATIVE FOR LEAVE TO FILE SUR-REPLY IN FURTHER OPPOSITION TO THE RADIOSHACK DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED CONSOLIDATED CLASS ACTION COMPLAINT AND TO STRIKE JURY DEMAND**

| DESCRIPTION | APPENDIX PAGE NO. |
|---|---|
| Exhibit A - Plaintiffs' Sur-Reply, and Brief in Support, in Further Opposition to the RadioShack Defendants' Motion to Dismiss Plaintiffs' Amended Consolidated Class Action Complaint and to Strike Jury Demand | APP-1 to APP-9 |

Dated: December 11, 2015

Respectfully Submitted,

**KESSLER TOPAZ
 MELTZER & CHECK LLP**

*/s/ Mark K. Gyandoh*
Edward W. Ciolko (admitted *Pro Hac Vice*)
Donna Siegel Moffa (admitted *Pro Hac Vice*)
Mark K. Gyandoh (admitted *Pro Hac Vice*)
Julie Siebert-Johnson (admitted *Pro Hac Vice*)
280 King Of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
Email: eciolko@ktmc.com
        dmoffa@ktmc.com
        mgyandoh@ktmc.com
        jsjohnson@ktmc.com

*Interim Lead Class Counsel Committee Chair*

**CONNOLLY WELLS & GRAY, LLP**
Gerald D. Wells, III
Robert J. Gray (admitted *Pro Hac Vice*)
2200 Renaissance Boulevard
Suite 308
King of Prussia, PA  19406
Telephone:  (610) 822-3700
Facsimile:  (610) 822-3800
Email:  gwells@cwg-law.com
           rgray@cwg-law.com

**STULL, STULL & BRODY**
Michael J. Klein (admitted *Pro Hac Vice*)
6 East 45th Street
New York, NY 10017
Telephone:  (212) 687-7230
Facsimile:  (212) 490-2022
Email:  mklein@ssbny.com

*Interim Lead Class Counsel Committee Members*

**LACKEY HERSHMAN, LLP**
Roger L. Mandel
State Bar No. 12891750
Bruce E. Bagelman
State Bar No. 01509700
3102 Oak Lawn Avenue, Suite 777
Dallas, TX 75219
Telephone:  (214) 560-2201
Facsimile:  (214) 560-2203
Email:  rlm@lhlaw.net
           beb@lhlaw.net

*Interim Liaison Class Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to registered CM/ECF participants.

/s/ *Mark K. Gyandoh*
Mark K. Gyandoh

# EXHIBIT A

Case 4:14-cv-00959-O   Document 132   Filed 12/11/15   Page 4 of 13   PageID 2642

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

|  |  |  |
|---|---|---|
| IN RE 2014 RADIOSHACK ERISA LITIGATION | ) ) ) ) ) | MASTER FILE NO. 4:14-cv-00959-O |
| THIS DOCUMENT RELATES TO: | ) ) ) | |
| ALL ACTIONS | ) ) | |

**PLAINTIFFS' SUR-REPLY, AND BRIEF IN SUPPORT, IN FURTHER OPPOSITION TO THE RADIOSHACK DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED CONSOLIDATED CLASS ACTION COMPLAINT <u>AND TO STRIKE JURY DEMAND</u>**

**A-1**

A-2

Plaintiffs Manoj P. Singh, Jeffrey Snyder, and William A. Gerhart (collectively, "Plaintiffs"), through their undersigned counsel, submit this Sur-Reply in further opposition to the RadioShack Defendants' Motion to Dismiss Plaintiffs' Amended Consolidated Complaint and to Strike Jury Demand, Dkt. No. 93, and in response to the Reply in Support of the RadioShack Defendants' Motion to Dismiss Plaintiffs' Amended Consolidated Complaint and to Strike Jury Demand, Dkt. No. 123 (the "Reply").

## ARGUMENT

In their Reply, the RadioShack Defendants argue, in pertinent part, that Plaintiffs had actual knowledge of the alleged ERISA violations alleged in the Amended Consolidated Class Action Complaint ("Complaint") more than three years before filing suit because, among other things, "Plaintiffs participated in a nearly identical lawsuit against RadioShack that settled in February 2011, just three years and nine months *before* the present claim was filed, wherein they were specifically apprised of the contours of the claims they now recycle here." Reply at 1 (emphasis in original) (citing *In re RadioShack Corp. "ERISA" Litig.*, No. 4:08-md-01875 (N.D. Tex.) (hereafter referred to as "*RadioShack I*").[1] The RadioShack Defendants go on to argue the following:

- Plaintiffs each participated in a class action pressing virtually identical breach claims, meaning they knew well the *legal* grounds for the *precise* ERISA claims renewed here;

- Through their prior participation in an almost indistinguishable lawsuit just a few years ago, combined with the litany of public information they now argue establishes their claims, Plaintiffs possessed ample information to understand everything they needed to sue well before November 26, 2011;

---

[1] The initial action filed in that consolidated matter was titled *Cormier v. RadioShack Corp.*, No. 4:07-cv-285 (N.D. Tex.).

- Plaintiffs' current claims mirror those brought in the prior lawsuit, which alleged that '[p]rudent fiduciaries should have closed the Plans to further investment in RadioShack stock at least as early as 2003,' based upon, *inter alia*, diminishing demand and outdated products;

- The preliminary settlement agreement, filed September 30, 2010, included a draft Class Notice, *RadioShack I*, Dkt. 81-2, which was then distributed to Plaintiffs before final approval on February 8, 2011, *id.* Dkts. 85-2, 88 – more than three-and-a-half years *before* they filed this lawsuit;

- The Class Notice fully apprised all class members – including Plaintiffs – of the ERISA claims in that matter and how they relate to the underlying facts alleged

Reply at 2 (emphasis in original). These assertions are patently inaccurate and misleading.

Indeed, Plaintiffs were not named plaintiffs in *RadioShack I*, and no class of any kind was certified in that matter prior to it settling.

More to the point, the arguments regarding *RadioShack I* are of no moment in this action, because the claims in *RadioShack I* differed markedly from the claims in this case, and thus could not have put Plaintiffs on notice of them. Accordingly, the RadioShack Defendants' attempted invocation of ERISA's three year statute of limitations to somehow bar Plaintiffs' allegations in this case falls flat. Defendants' argument is simply a red herring for three major reasons.

*First*, the two actions assert two different theories for why RadioShack Stock constituted an imprudent investment during two different class periods.[2] The *RadioShack I* plaintiffs alleged RadioShack Stock constituted an imprudent investment from January 14, 2003, to June 7, 2006,

---

[2] After all, it is far from unusual to have courts sustain ERISA claims against the same company in two separate suits covering different class periods for breaches of fiduciary duty. *Cf. In re Schering-Plough Corporation ERISA Litigation*, 420 F.3d 321 (3d. Cir. 2005) (alleging a class period "anytime between July 29, 1998 and the present") *with In re Schering-Plough ERISA Litigation*, No. 08-cv-1432, 2010 WL 2667414 (D.N.J. June 29, 2010) (alleging a class period of April 19, 2007 to April 2, 2008); *compare also In re Fannie Mae ERISA Litigation*, MDL No. 1668, No. 04-cv-1784, Minute Order denying motion to dismiss (D.D.C. May 8, 2007) (alleging a class period of January 1, 2001 to the present) *with In re Fannie Mae 2008 ERISA Litigation*, MDL No. 2013, No. 09-cv-1350, 2012 WL 5198463 (S.D.N.Y. Oct. 2012) (alleging a class period of April 17, 2007 to May 14, 2010).

2

because its price was then **artificially inflated**. *See* Initial Complaint, *Cormier* Dkt. No. 1 at ¶ 114(b)(i). The *RadioShack I* plaintiffs described their claims as follows:

> Plaintiffs allege that Defendants caused substantial losses to the RadioShack 401(k) Plan … by offering RadioShack stock when they knew that the stock prices were **artificially inflated** and additional losses to the 401(k) Plan by selecting expensive and under performing Putnam funds as the investment options for the 401(k) Plan participants. **Plaintiffs contend that the Putnam funds selected by Defendants made 'revenue sharing' payments to Putnam in violation of ERISA § 406, 29 U.S.C. § 1106**, that such investments were imprudent because Putnam charged excessive fees for poorly performing funds, and that Defendants failed to follow the terms of the 401(k) Plan, which required Defendants to pay the costs (e.g. administrative expenses) of maintaining the 401(k) Plan's investment options.

*See RadioShack I* plaintiffs' Motion for Preliminary Approval of Settlement, Dkt. No. 81 at 1 (emphasis added); *see also id.* at 4 (describing the company stock claims as alleging that "Defendants made numerous laudatory statements and projections about RadioShack's financial health, while knowing that they had to write down millions of dollars in worthless assets[;]" and that "once the write-down occurred, a massive stock drop ensued from which the stock has not recovered.")

Plaintiffs, on the other hand, ***do not*** base their claims on artificial inflation of RadioShack stock, but instead allege RadioShack stock constituted an impudent investment from November 30, 2011, to the present based on a totality of circumstances, including, *inter alia*, publicly available information, data and projections, and the fundamental sea-change in the risk profile/volatility of RadioShack stock during the Class Period. *See* Plaintiffs' Memorandum of Law In Opposition to RadioShack Defendants' Motion to Dismiss Plaintiffs' Amended Consolidated Class Action Complaint and to Strike Jury Demand, Dkt. No. 110, at 2. The Complaint also did not contain any allegations about the Putnam Funds, unlike *RadioShack I*.

3

A-4

In short, Defendants argue the non-sequitur that allegations of RadioShack's stock being artificially inflated because of delayed write-downs during a different period of time, which claims were dismissed for failure to overcome a pleading standard applicable then but not now,[3] somehow put Plaintiffs on notice of claims that RadioShack stock would later become unduly risky/inappropriate for retirement savings during a later time period because of RadioShack's undue risk of bankruptcy.[4] The only similarity between the claims settled in 2010 and the claims brought here is that they both assert breaches of ERISA's fiduciary duty against the Plans' then-fiduciaries, alleging RadioShack stock constituted an imprudent investment for unrelated reasons based upon unrelated theories during different time periods. Simply stated, nothing in *RadioShack I* had anything to do with RadioShack's slide into bankruptcy or an analysis of public and internal documentation, and *vice versa*, nothing in the instant matter has anything to do with artificial inflation of RadioShack stock from 2003 to 2006 stemming from RadioShack's "series of false statements in press releases, quarterly reports, and presentations to investors and industry analysts that overstated earnings, inflated earnings projections, and overvalued inventory." *In re: RadioShack Corp. "ERISA" Litig.*, 547 F. Supp. 2d 606, 615 (N.D. Tex. 2008).

*Second*, because of the different allegations and legal theory of *RadioShack I*, the resulting settlement of same could not and did not put Plaintiffs on notice of the claims set forth in the Complaint. In fact, the settlement agreement in *RadioShack I* did not release "any claim arising after October 27, 2009 relating to the inclusion of RadioShack stock as an investment option in the Plans," reflecting an express recognition that *RadioShack I* did not assert the claims

---

[3] This point is explained beginning in the next paragraph.

[4] The alleged class period in this action is November 30, 2011 to the present. *See* Complaint at ¶ 112.

asserted in this case by Plaintiffs. *See RadioShack I* settlement agreement at ¶ 1.38(c)(iv), Dkt. No. 81-2, p. 76 of 144.

*Third*, while not important to the above-explained central, temporal/class chronological argument here, the legal landscape concerning breach of fiduciary duty claims has undergone a sea-change. Specifically, the company stock claims in *RadioShack I* were analyzed and dismissed pursuant to the now-abrogated presumption of prudence.[5] *See In re RadioShack Corp. "ERISA" Litig.*, 547 F. Supp. 2d at 614-15 (dismissing company stock claims because allegations that RadioShack stock was artificially inflated did not overcome the presumption of prudence). Thus, the complaint in *RadioShack I* and Plaintiffs' Complaint were/are subject to different legal standards.

Given the legal and factual differences between *RadioShack I* and this case, knowledge of *RadioShack I* could not have provided Plaintiffs with "actual knowledge" of the allegations in this case. Accordingly, the RadioShack Defendants' argument that *RadioShack I* supports its statute of limitations defense is baseless and should be rejected by this Court.

### CONCLUSION

For the foregoing reasons, and for the reasons stated in Plaintiffs' opposition to the RadioShack Defendants' motion to dismiss, Plaintiffs respectfully request that the Court deny Defendants' motion to dismiss in its entirety.

---

[5] *Fifth Third Bancorp v. Dudenhoeffer*, 134 S. Ct. 2459 (2014) ("*Fifth Third*") re-affirmed ERISA's primary purpose, holding that it was improper to dismiss ERISA claims based on a "presumption" that ERISA fiduciaries' investment in a company stock fund was prudent.

5

6

Dated:  December 11, 2015

Respectfully submitted,

**KESSLER TOPAZ
  MELTZER & CHECK LLP**


*/s/ Mark K. Gyandoh*
Edward W. Ciolko (admitted *Pro Hac Vice*)
Donna Siegel Moffa (admitted *Pro Hac Vice*)
Mark K. Gyandoh (admitted *Pro Hac Vice*)
Julie Siebert-Johnson (admitted *Pro Hac Vice*)
280 King Of Prussia Road
Radnor, PA 19087
Telephone:  (610) 667-7706
Facsimile:  (610) 667-7056
Email:  eciolko@ktmc.com
            dmoffa@ktmc.com
            mgyandoh@ktmc.com
            jsjohnson@ktmc.com

*Interim Lead Class Counsel Committee Chair*

**CONNOLLY WELLS & GRAY, LLP**
Gerald D. Wells, III
Robert J. Gray (admitted *Pro Hac Vice*)
2200 Renaissance Boulevard
Suite 308
King of Prussia, PA  19406
Telephone:  (610) 822-3700
Facsimile:  (610) 822-3800
Email:  gwells@cwg-law.com
            rgray@cwg-law.com

**STULL, STULL & BRODY**
Michael J. Klein (admitted *Pro Hac Vice*)
6 East 45th Street
New York, NY 10017
Telephone:  (212) 687-7230
Facsimile:  (212) 490-2022
Email:  mklein@ssbny.com

*Interim Lead Class Counsel Committee Members*

**LACKEY HERSHMAN, LLP**
Roger L. Mandel
State Bar No. 12891750
Bruce E. Bagelman
State Bar No. 01509700
3102 Oak Lawn Avenue, Suite 777
Dallas, TX 75219
Telephone:  (214) 560-2201
Facsimile:  (214) 560-2203
Email:  rlm@lhlaw.net
           beb@lhlaw.net

*Interim Liaison Class Counsel*

**ROBBINS ARROYO LLP**
George C. Aguilar (admitted *Pro Hac Vice*)
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
Email: gaguilar@robbinsarroyo.com

*Counsel for Plaintiff Wolpin*

7

A-8

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 11, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to registered CM/ECF participants.

                                        /s/ *Mark K. Gyandoh*
                                        Mark K. Gyandoh