IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| IN RE 2014 RADIOSHACK ERISA LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | ) ) ) ) ) ) ) ) ) ) ) MASTER FILE NO. 4:14-cv-00959-O |

**PLAINTIFFS' RESPONSE TO THE RADIOSHACK DEFENDANTS' MOTION FOR REFERRAL TO A MAGISTRATE JUDGE FOR THE PURPOSE OF MEDIATION**

Plaintiffs submit this response to Defendants' Motion for Referral to a Magistrate Judge for the Purpose of Mediation (ECF No. 136) (the "Motion"), filed December 17, 2015. The Court has set a hearing for December 21, 2015, "[t]o permit this motion to be resolved in a timely manner[.]" ECF No. 137 (the "Order"). While Plaintiffs wish to inform the Court of the context of the possibility of resolution discussions with Defendants, they want to make clear they do **not** oppose the relief sought by the Defendants and agree to setting a date for a mediation session before a magistrate, especially if it will incentivize/insure the parties' discussions in the near term.

By way of background, on or about December 7, 2015, Defendants'[1] counsel called Plaintiffs' counsel and asked if Plaintiffs were willing to submit to a magistrate judge for mediation. Plaintiffs' counsel responded that they would consider the request but believed it would be more productive to use the same mediator, John Bickerman of Bickerman Dispute Resolution PLLC, who facilitated a partial settlement of this case with the Trustee Defendants, *see* Dkt. No. 129 at 1-2, or one of the handful of mediators in the country who specialize in

---

[1] As used herein, "Defendants" refers to the RadioShack Defendants as defined in the Motion.

1

ERISA cases of this nature to mediate the case. Indeed, Defendants are not opposed to the concept of a private mediator. Defendants' counsel have indicated that if given a "reasonable demand" by Plaintiffs, they would agree to private mediation.[2] Plaintiffs delivered what they believe to be a reasonable demand to Defendants' counsel today.

On December 15, Defendants' counsel advised by email that Defendants would formally seek a referral to a magistrate for a settlement conference. Then, on December 16, 2015, Defendants' counsel attached in an email a proposed correspondence to the Court requesting a referral to a magistrate and asked for Plaintiffs' position. Given the utilization of a private mediator to date in this case, Plaintiffs preferred to continue with that process and responded accordingly. The Motion, rather than the proposed correspondence, was filed the next day.

With respect to the recitals in the Motion, Plaintiffs agree with ¶¶ 1, 2, and 4 of Defendants' Motion (*i.e.* that the parties are required to mediate before February 23, 2016, and that referral to a magistrate judge will not otherwise impact this case). Plaintiffs believe that ¶¶ 5 and 6 of Defendants' motion recite conclusions to which no response is required.

Plaintiffs believe that ¶ 3 of the Motion, positing that "mediation before a magistrate judge will offer a cost-effective alternative to private mediation while affording all parties the opportunity to engage in meaningful discussions concerning a potential resolution of the matter" is somewhat of an oversimplification. The majority of the counsel litigating this Action are located in or in relatively close proximity of the greater-Philadelphia, PA area, including Interim Lead Class Counsel Committee Chair and one of the two Interim Lead Class Counsel Committee Members. Additionally, two of the three Morgan Lewis partners representing Defendants are located in the greater-Philadelphia area. As noted above, one private mediator in Washington,

---

[2] Indeed, Defendants or their predecessors used a private mediator, the Hon. Joseph H. Hart (Ret.) to resolve the so-called *RadioShack I ERISA Litigation*.

D.C., is already intimately familiar with this Action, having mediated a partial settlement with the Trustee Defendants. *See* Dkt. No. 129 at 1-2. The approximate costs involved in the retention of this or any other similarly experienced and located private mediator for a day includes travel costs that would likely require no more than train rides to Washington D.C. or New York, where many of the mediators who specialize in resolution of cases of this nature are located. The cost of travel and the cost of mediation in the Northeast will therefore likely be the same or possibly less than using a mediator in the Dallas/Fort Worth area, which would include significantly higher travel costs.

That said, in order to insure that the parties meet all deadlines, Plaintiffs would be happy for the Court to set a date for a settlement conference before any of the District's capable magistrate judges so that there is a date certain in place prior to the February 23, 2015 deadline for mediation in case the parties are not ultimately agreeable to private mediation. Given that Plaintiffs do not oppose the relief requested by Defendants, Plaintiffs respectfully request that the Court take the scheduled December 21, 2015 hearing off calendar which Plaintiffs believe will result in efficiency and savings in costs and time to the Court and parties.

Dated:  December 18, 2015

Respectfully submitted,

*s/ Roger L. Mandel*
Roger L. Mandel
State Bar No. 12891750
Bruce E. Bagelman
State Bar No. 01509700
**LACKEY HERSHMAN, LLP**
3102 Oak Lawn Avenue, Suite 777
Dallas, TX 75219
Telephone:  (214) 560-2201
Facsimile:  (214) 560-2203
Email:  rlm@lhlaw.net
          beb@lhlaw.net

*Interim Liaison Class Counsel*

**KESSLER TOPAZ MELTZER & CHECK LLP**
Edward W. Ciolko (*Pro Hac Vice pending*)
Donna Siegel Moffa (*Pro Hac Vice pending*)
Mark K. Gyandoh (*admitted Pro Hac Vice*)
Julie Siebert-Johnson (*admitted Pro Hac Vice*)
280 King Of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
Email: eciolko@ktmc.com
   dmoffa@ktmc.com
   mgyandoh@ktmc.com
jsjohnson@ktmc.com

*Interim Lead Class Counsel Committee Chair*

Gerald D. Wells, III
Robert J. Gray
**CONNOLLY WELLS & GRAY, LLP**
(*Pro Hac Vice to be requested*)
2200 Renaissance Boulevard
Suite 308
King of Prussia, PA 19406
Telephone: (610) 822-3700
Facsimile: (610) 822-3800
Email: gwells@cwg-law.com
   rgray@cwg-law.com

Michael J. Klein (*admitted Pro Hac Vice*)
**STULL, STULL & BRODY**
6 East 45th Street
New York, NY 10017
Telephone: (212) 687-7230
Facsimile: (212) 490-2022
Email: mklein@ssbny.com

*Interim Lead Class Counsel Committee Members*

5

**<u>CERTIFICATE OF SERVICE</u>**

   I hereby certify that on December 18, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to registered CM/ECF participants.

                 /s/ *Roger L. Mandel*
                 Roger L. Mandel