**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| **IN RE 2014 RADIOSHACK ERISA LITIGATION** ) ) ) ) | **MASTER FILE NO. 4:14-cv-00959-O** |
| **THIS DOCUMENT RELATES TO:** ) ) | |
| **ALL ACTIONS** ) ) | |

**PLAINTIFFS' EXPEDITED MOTION, AND BRIEF IN SUPPORT, TO EXTEND**
**DEADLINE FOR INITIAL EXPERT DESIGNATION & REPORT**

Plaintiffs Manoj P. Singh, Jeffrey Snyder, and William A. Gerhart (collectively, "Plaintiffs"), by and through their undersigned counsel, for good cause shown, respectfully move this Court for an extension of the deadline to designate "merits" experts. In further support of this Motion, Plaintiffs state as follows:

1.      Plaintiffs' request to extend the merits expert designation deadline, if approved by this Court, will not result in the moving of any of the other remaining deadlines in this action, including, the fact discovery deadline or the trial date set by the Court. By way of illustration, paragraph 9 below compares the dates and deadlines proposed by Plaintiffs to the deadlines in the current scheduling order.[1]

## *The Current Scheduling Order*

2.      The Court entered an Amended Scheduling Order on June 1, 2015 (Dkt. No. 78), which sets forth certain deadlines for the above-captioned action. This Order was an amendment to the Court's initial January 26, 2015 Order (Dkt. No. 34).

3.      The Amended Scheduling Order provides the following pertaining to experts:

| | |
|---|---|
| Initial Expert Designation & Report (¶ 4 a.) | December 23, 2015 |
| Responsive Expert Designation & Report (¶ 4 b.) | January 22, 2016 |
| Rebuttal Expert Designation (¶ 4 c.) | 30 days after disclosure made by other party |

---

[1] Modification of the Amended Scheduling Order will only apply to Plaintiffs and Defendants RadioShack 401(k) Plan Administrative Committee, the RadioShack Puerto Rico Plan Administrative Committee, James F. Gooch, Joseph C. Magnacca, Robert E. Abernathy, Frank J. Belatti, Julia A. Dobson, Daniel A. Feehan, H. Eugene Lockhart, Jack L. Messman, Thomas G. Plaskell, Edwina D. Woodbury, Mark Barfield, Karina Davis, Eric Hales, Justin Johnson, Michael Keyser, Kevin Krautkramer, Martin Moad, and Sri Reddy (the "the RadioShack Defendants"). This litigation is stayed as to Defendants Wells Fargo Bank, NA ("Wells Fargo") and Banco Popular de Puerto Rico ("Banco Popular") (and collectively with Wells Fargo, the "Trustee Defendants") because of the settlement reached between Plaintiffs and the Trustee Defendants. *See* Dkt. No. 130; *see also* discussion *infra*.

4.      Because the Court entered a separate order regarding designation of experts related to class certification (Dkt. No. 78), Plaintiffs refer to the above expert designations as "merits" experts.

5.      The January 26, 2015 Order stated the following relating to designation of experts: "Unless otherwise stipulated or directed by order, the party with the burden of proof on the issue subject to the expert designation shall file a written designation of the name and address of each **expert witness** who will testify at trial for that party and shall otherwise comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure …."  (emphasis in the original).

6.      Per language in the January 26, 2015 Order allowing counsel to stipulate to a different date for merits expert designations, on December 17, 2015, Plaintiffs and the RadioShack Defendants stipulated to the following modification of the merits expert deadlines:

| Initial Expert Designation & Report (¶ 4 a.) | January 22, 2016 |
| Responsive Expert Designation & Report (¶ 4 b.) | February 22, 2016 |
| Rebuttal Expert Designation (¶ 4 c.) | March 23, 2016 |

*__Relief Sought By Plaintiffs__*

7.      Plaintiffs seek to extend the deadline for initial designation of merits experts, and corresponding deadlines, by sixty (60) days such that initial designation of merits experts will be due on March 22, 2016, responsive expert designations would be due on April 21, 2016, and any rebuttal expert designations would be due on May 21, 2016.

8.      Currently, fact discovery ends on April 25, 2016.  Dkt. No. 78.  At this juncture, Plaintiffs do not seek to extend the fact discovery deadline.

9.      To the extent the parties wish to conduct depositions of the designated merits experts, Plaintiffs propose that such depositions, and any document discovery related *solely* to the experts, be concluded by June 20, 2016.  Such timelines, contemplating that expert discovery

follow or overlap with fact discovery, have been endorsed in directly analogous situations by sister courts. *See In re BP P.L.C. Sec. Litig.*, No. 10-md-2185, 2014 WL 2112823, at *16 (S.D. Tex. May 20, 2014), *aff'd sub nom.*, *Ludlow v. BP, P.L.C.*, 800 F.3d 674 (5th Cir. 2015) ("Fact discovery officially closed on January 31, 2014, and expert discovery is due to close within the next two months. (Doc. No. 730, at 1.)"); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, No. 01-cv-3624, 2011 WL 3489524, at *3 n.8 (S.D. Tex. Aug. 9, 2011) ("fact discovery was completed as to all non-stayed defendants (those not facing criminal charges) on November 30, 2005, while expert discovery ended on December 15, 2006"); *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, No. 01-cv-3624, 2007 WL 446051, at *3 (S.D. Tex. Feb. 7, 2007) ("The relevant expert discovery schedule begins as to RBSG only upon completion of fact discovery."). Further, such orders have been entered in directly analogous ERISA breach of fiduciary duty actions. *See In re Eastman Kodak ERISA Litig.*, No. 12-cv-6051, Order and Amended Scheduling Order at ¶¶ 2, 3, Dkt. No. 109 (W.D.N.Y. Nov. 6, 2015) (ordering all fact discovery shall be completed on or before February 1, 2016, whereas all expert discovery shall be completed by June 13, 2016); *In re Lincoln Natl. Corp. ERISA Litig.*, No. 08-cv-5740, Order Granting Joint Stipulation to Modify Remaining Dates on Scheduling Order, Dkt. No. 120 (E.D. Pa. Apr. 26, 2011) (specifying all fact discovery shall be completed by July 18, 2011 whereas the expert discovery cut-off is November 15, 2011).

10. As demonstrated below, the proposed modification of the Amended Scheduling Order keeps all other dates in place, including the October 24, 2016 trial date:

| Activity | Amended Scheduling Order Dates | Proposed Extended Date |
|---|---|---|
| Deadline for Motions for Leave to Join Parties or Amend Pleadings (¶ 2) | August 27, 2015 | N/A |

3

| Initial Expert Designation & Report (¶ 4 a.) | January 22, 2015[2] | March 22, 2016 |
|---|---|---|
| Responsive Expert Designation & Report (¶ 4 b.) | February 22, 2016 | April 21, 2016 |
| Rebuttal Expert Designation (¶ 4 c.) | March 23, 2016 | May 21, 2016 |
| Expert Discovery Deadline | N/A | June 20, 2016 |
| Expert Objections (¶ 4 d.) | July 18, 2016 | SAME |
| Dispositive Motions (¶ 3) | April 25, 2016 | SAME |
| Mediation (¶ 5) | February 23, 2016[3] | SAME |
| Completion of Fact Discovery (¶ 6) | April 25, 2016 | SAME |
| Pretrial Disclosures and Objections (¶ 7) | September 12, 2016, Objections due 14 days thereafter | SAME |
| Pretrial Materials ((¶ 8) | September 27, 2015 | SAME |
| Exchange of Exhibits ((¶ 11) | October 10, 2016 | SAME |
| Pretrial Conference (¶ 11) | To be set if necessary | SAME |
| Trial Date (¶ 1) | October 24, 2016 | SAME |

11.     Prior to the filing of the instant Motion, counsel for Plaintiffs provided counsel for the RadioShack Defendants a copy of the chart above asking for their consent to the proposed dates.  As noted in the attached Certificate of Conference, Counsel for the RadioShack Defendants responded by stating that they do not consent to the requested extension.

***Good Cause Exists to Modify the Scheduling Order***

12.     A scheduling order "may be modified only for good cause and with the judge's consent."  FED. R. CIV. P. 16(b).  "The good cause standard requires the 'party seeking relief to show that the deadlines [could not] reasonably be met despite the diligence of the party needing the extension.'"  *Estate of Newton ex rel. Newton v. Grandstaff*, No. 10-cv-809, 2013 WL 1499354, at *6 (N.D. Tex. Apr. 12, 2013) (quoting *S & W Enters.*, *L.L.C. v. Sw. Bank of Ala.*, 315 F.3d 533,

---

[2] Amended by stipulation of counsel.  *See supra* ¶ 6.

[3] The Parties attended a settlement Conference with Magistrate Judge Stickney on January 12, 2016 that was unsuccessful.  *See* discussion *infra*.

4

535 (5th Cir. 2003)).  In deciding whether to allow an amendment to the scheduling order, a court

considers:  (1) the explanation for the party's failure to meet the deadline; (2) the importance of

the amendment to the scheduling order; (3) potential prejudice if the court allows the amendment;

and (4) the availability of a continuance to remedy such prejudice.  *Id.*

### *First Factor*

13.     As to the first factor, Plaintiffs have diligently prosecuted this matter.[4]  With regard

to Plaintiffs' discovery efforts, on March 20, 2015, the Plaintiffs received from the Chapter 11

Debtor (RadioShack) pursuant to a court approved stipulation in the Bankruptcy Case (defined

below), several thousand pages of documents previously produced by RadioShack Corp. to the

United States Department of Labor ("DOL") in response to the DOL's letter request to RadioShack

dated November 17, 2014, which Plaintiffs have reviewed.

14.     On June 29, 2015, Plaintiffs served their first set of document requests on the

Trustee Defendants to which they responded on July 29, 2015.  On July 16, 2015, Plaintiffs served

---

[4] For purposes of the instant motion, Plaintiffs only highlight their efforts with respect to discovery.  To be sure, Plaintiffs have been diligent in litigating all facets of this matter, including in the Bankruptcy Case (Case No. 15-10197, in U.S. Bankruptcy Court, District of Delaware).  Plaintiffs filed their initial complaints in November and December of 2014.  On January 9, 2015, the Court consolidated the three actions. Dkt. No. 29.  Plaintiffs filed the operative Complaint on May 18, 2015. Dkt. No. 66.  Defendants and the Trustee Defendants moved to dismiss the Complaint on August 18, 2015, Plaintiffs responded on October 18, 2015, and Defendants filed their replies on November 17, 2015 (Dkt. Nos. 90-98, 110-13, 123-25).  On November 16, 2015, Plaintiffs filed an unopposed motion to submit notice of supplemental authority and Defendants responded on November 25, 2015.  Dkt. No. 121-122, 128.  On November 5, 2015, Plaintiffs moved for class certification.  Dkt. Nos. 114-116.  Given the stay of the action against the Trustee Defendants (*see infra*), only the RadioShack Defendants may respond to the motion for class certification.  The RadioShack Defendants' opposition is due on March 3, 2016, and Plaintiffs' reply is due on April 18, 2016.  Dkt. No. 107. While negotiating the detailed terms of a settlement agreement with the Trustee Defendants, Plaintiffs continued to vigorously litigate this action against the RadioShack Defendants.  Notably, on December 11, 2015, Plaintiffs moved to strike, or, alternatively, for leave to file a surreply in order to respond to the RadioShack Defendants' misguided argument in their reply in support of their motion to dismiss related to ERISA's statute of limitations.  Dkt. No. 131-132.  Defendants opposed this motion on December 17, 2015, and Plaintiffs filed a reply on December 30, 2015.  Dkt. Nos. 135, 141.  No decision has issued yet on Plaintiffs' motion.

5

their first set of written discovery on the RadioShack Defendants to which they responded on August 20, 2015.  Each set of Defendants responded with several objections.

15.     On July 16, 2015, Plaintiffs served a deposition notice on the RadioShack 401(k) Plan Administrative Committee and the Puerto Rico Plan Administrative Committee pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure to which the RadioShack Defendants responded with objections.

16.     Additionally, Plaintiffs spent several weeks negotiating a lengthy production protocol with Lockton Investment Advisors, LLC – a third-party that performed services for RadioShack Corp.'s 401(k) plans during the class period, and upon which Plaintiffs served a subpoena.  The protocol was executed on October 8, 2015, and production of just over 3,000 documents spanning roughly 21,710 pages has now been completed.

17.     Over the weeks following the service of discovery on the RadioShack Defendants and the Trustee Defendants, the parties engaged in several telephonic discussions in an attempt to resolve their disputes without Court intervention.

18.     During the parties' discussions, Defendants indicated that collection and production of documents would be inefficient and unworkable without an Electronically Stored Information ("ESI") protocol and "search terms" to use in searching for responsive documents. Accordingly, on October 29, 2015, Defendants forwarded a draft protocol for document and ESI production for Plaintiffs' review/consideration.  After careful review of the proposal, on November 19, 2015, Plaintiffs sent back their comments to the protocol along with a proposed search term list for Defendants' review.

19.     In the interim, the Defendants deposed two of the Plaintiffs.  Plaintiff Snyder sat for a deposition on November 16, 2015, in Florida, and Plaintiff Gerhart sat for a deposition in

Texas on November 23, 2015.  Each deposition took approximately seven hours.  Plaintiff Singh's deposition was scheduled for December 3, 2015, in Los Angeles but the RadioShack Defendants declined to take his deposition days before it was scheduled to occur.[5]

20.     Plaintiffs settled this case as against the Trustee Defendants on November 24, 2015. On November 25, 2015, the Court granted the Trustee Defendants' motion to stay the litigation as to them.  Dkt. No. 130.[6]

21.     During the week of December 7, 2015, Plaintiffs and the RadioShack Defendants began discussions regarding the then-upcoming December 23, 2015 deadline for designation of merits experts.  Given the lack of production of the bulk of documents at that time which Plaintiffs expected to be produced in this litigation, Plaintiffs and the RadioShack Defendants stipulated on December 17, 2015, to extend the initial expert designation deadline for another thirty (30) days until January 22, 2016.

22.     While the Trustee Defendants and Plaintiffs were negotiating the terms of a final Settlement Agreement, the RadioShack Defendants requested a settlement conference with a Magistrate Judge Stickney, which Plaintiffs did not oppose.  On December 22, 2015, the Court entered an Order that the RadioShack Defendants and Plaintiffs attend a settlement conference on January 12, 2016, at 9:00 am before Magistrate Judge Stickney.  Dkt. No. 140.  This settlement conference was unsuccessful although the parties continue have an open line of communication.

23.     On January 13, 2016, Plaintiffs followed up with the RadioShack Defendants regarding the status of their comments on Plaintiffs' edits to the document and ESI protocol and

---

[5] As explained *infra* in ¶ 19, the case by this time had been stayed as against the Trustee Defendants.

[6] Plaintiffs and the Trustee Defendants reached final terms of their settlement agreement and executed the instrument on January 7, 2016.  *See* Dkt. No. 144.  Plaintiffs filed their motion for preliminary approval of the settlement with the Trustee Defendants on January 21, 2016.  Dkt. Nos. 147-149.

proposed search list.  Then, on January 15, 2016, Plaintiffs followed up with the RadioShack Defendants suggesting that since the parties were essentially in the same place they were a month earlier, they should consider once again stipulating to move the initial merits expert designation date.

24.     The RadioShack Defendants responded on January 15, 2015, to Plaintiffs' January 13, 2016 email that as for the ESI protocol and search terms, in light of the RadioShack's bankruptcy proceedings, the RadioShack Defendants do not represent the Debtor (RS Legacy Corporation), and the estate is in the hands of the Liquidating Trust and Trustee.  Thus, they said, any potentially relevant documents that were once property of the Debtor remain in the possession, custody, and control of the Liquidating Trust, not the individual RadioShack Defendants.  Accordingly, the RadioShack Defendants stated they do not believe it is necessary for them to negotiate over search terms or the ESI protocol because they do not have ESI to search.  The RadioShack Defendants further added that at the time they circulated and discussed the protocol, the Trustee Defendants had not yet settled and may have had responsive ESI.

25.     Then, on January 19, 2016, the RadioShack Defendants responded to Plaintiffs' January 15, 2016 email by stating that they prefer to adhere to the existing schedule for merits expert reports.

26.     Thus far, the RadioShack Defendants have only produced a handful of documents separate and apart from the DOL production referenced above. Given the RadioShack Defendants' statement that the bulk of the documents that Plaintiffs seek are in the possession of the RadioShack Liquidating Trustee, Plaintiffs are now focusing their attention on obtaining documents from the Liquidating Trustee.  The issue of preserving documents in the possession, custody, control of RadioShack/Chapter 11 Debtor (now the Liquidating Trustee) was already

resolved, as Plaintiffs through bankruptcy counsel, as part of the order confirming the Plan of Liquidation in the Bankruptcy Case, negotiated for preservation of any documents related to this litigation by RadioShack in the Bankruptcy Case.  Plaintiffs continue to press the RadioShack Defendants for discovery, but recognize that the bulk of documents they will require are likely in the possession of the Liquidating Trustee.

27.     In order to present the Court with meaningful expert testimony that will aid the Court in deciding this case, Plaintiffs require the documents in possession of the Liquidating Trustee which will support their experts' reports and testimony.

28.     Plaintiffs have moved as quickly as possible – indeed the RadioShack Defendants only seven days ago confirmed that the bulk of documents Plaintiffs seek are in the Liquidating Trustee's possession – to try to meet the current deadline for designating merits experts, but due to the confluence of factors described above, they have been unable to do so.

***Second Factor***

29.     As to the second factor, "importance of the amendment to the scheduling order," Plaintiffs proffer that merits expert reports in this action will be beneficial to the Court at trial.

***Third Factor***

30.     As to the third factor, "potential prejudice if the court allows the amendment," there should be no concern under the circumstances.  The proposed modification does not alter any other dates in the Amended Scheduling Order, including the trial date.

***Fourth Factor***

31.     As to the fourth factor, "availability of a continuance to remedy such prejudice," that also is not a concern, as there is no prejudice, and no continuance of the trial date is sought.

32.     Indeed, courts have found in similar situations that good cause had been shown to modify a scheduling order.  In *El Chico Restaurants of Texas, Inc. v. Carroll*, No. 09-cv-2294, 2010 WL 5480602, at *3 (N.D. Tex. Dec. 30, 2010), the court found that with "respect to the third and fourth factors, the court determines that Plaintiff suffers no legal prejudice with respect to prosecution of its claims.  Extending the discovery deadline, certain pretrial deadlines, and the trial date in no way impairs Plaintiff's ability to prosecute its claims."  The court continued, noting that as "no prejudice results by extending the pretrial deadlines, the issue of a continuance to cure any potential prejudice is moot and quite beside the point."  *Id.*  Here, Plaintiffs do not seek to extend the fact discovery deadline or the trial date.  Ultimately, the *El Chico Restaurants of Texas, Inc.* Court noted that "[w]hile the 'good cause' standard requires that amendment of a scheduling order is not to be taken lightly, it does not justify such a rigid and draconian interpretation that prevents a court from exercising its broad discretion in the interest of justice.  The court has carefully weighed the four factors and determines that all weigh in favor of amending the scheduling order in this case."  *Id.  See also Ins. Distribs. Int'l (Bermuda) Ltd. v. Edgewater Consulting Grp. Ltd.*, No. 08-cv-767, 2010 WL 567233, at *1 (W.D. Tex. Feb. 10, 2010) (analyzing four factors and determining "the Court finds that good cause exists to modify the scheduling order for the purpose of designating [] witnesses.").

33.     This Motion is made in good faith and not for any dilatory purpose.

WHEREFORE, for the reasons stated above, Plaintiffs respectfully request that this Court enter the Proposed Order submitted contemporaneously herewith extending the deadline for initial designation of merits experts.

Dated:  January 22, 2016                    Respectfully Submitted,

                                            */s/ Roger L. Mandel*
                                            **LACKEY HERSHMAN, LLP**
                                            Roger L. Mandel
                                            State Bar No. 12891750
                                            Bruce E. Bagelman
                                            State Bar No. 01509700
                                            3102 Oak Lawn Avenue, Suite 777
                                            Dallas, TX 75219
                                            Telephone:  (214) 560-2201
                                            Facsimile:  (214) 560-2203
                                            Email:  rlm@lhlaw.net
                                                    beb@lhlaw.net

                                            *Interim Liaison Class Counsel*

                                            **KESSLER TOPAZ**
                                            **  MELTZER & CHECK LLP**
                                            Edward W. Ciolko (admitted *Pro Hac Vice*)
                                            Donna Siegel Moffa (admitted *Pro Hac Vice*)
                                            Mark K. Gyandoh (*admitted Pro Hac Vice*)
                                            Julie Siebert-Johnson (*admitted Pro Hac Vice*)
                                            280 King Of Prussia Road
                                            Radnor, PA 19087
                                            Telephone:  (610) 667-7706
                                            Facsimile:  (610) 667-7056
                                            Email:  eciolko@ktmc.com
                                                    dmoffa@ktmc.com
                                                    mgyandoh@ktmc.com
                                                    jsjohnson@ktmc.com

                                            *Interim Lead Class Counsel Committee*
                                            *Chair*

                                            **CONNOLLY WELLS & GRAY, LLP**
                                            Gerald D. Wells, III
                                            Robert J. Gray (*admitted Pro Hac Vice*)
                                            2200 Renaissance Boulevard
                                            Suite 308
                                            King of Prussia, PA  19406
                                            Telephone:  (610) 822-3700
                                            Facsimile:  (610) 822-3800
                                            Email:  gwells@cwg-law.com
                                                    rgray@cwg-law.com

11

**STULL, STULL & BRODY**
Michael J. Klein (*admitted Pro Hac Vice*)
6 East 45th Street
New York, NY 10017
Telephone:  (212) 687-7230
Facsimile:  (212) 490-2022
Email:  mklein@ssbny.com

***Interim Lead Class Counsel Committee
Members***

## <u>LOCAL RULE 7.1(b) CERTIFICATE OF CONFERENCE</u>

I hereby certify that on January 22, 2015, I, Mark K. Gyandoh of Kessler Topaz Meltzer & Check, LLP, Interim Lead Class Counsel Committee Chair, conferred via email with Matthew A. Russell and David Gomez of Morgan, Lewis & Bockius LLP, counsel for the RadioShack Defendants, who informed me that Defendants oppose the instant motion.

*/s/ Mark K. Gyandoh*
Mark K. Gyandoh
KESSLER TOPAZ
  MELTZER & CHECK, LLP
280 King of Prussia Road
Radnor, PA 19087
Telephone:  (610) 667-7706
Facsimile: (610) 667-7056
Email:  mgyahdon@ktmc.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to registered CM/ECF participants.

/s/ *Roger L. Mandel*

Roger L. Mandel