# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| IN RE 2014 RADIOSHACK ERISA LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | MASTER FILE NO. 4:14-cv-00959-O |

### ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES, APPROVING FORM AND MANNER OF CLASS NOTICE, PRELIMINARILY APPROVING PLAN OF ALLOCATION, PRELIMINARILY APPROVING THE BAR ORDER, AND <u>SCHEDULING A DATE FOR A FAIRNESS HEARING</u>

This Action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), with respect to the RadioShack 401(k) Plan and the RadioShack Puerto Rico 1165 (e) Plan (the "Plans").[1]  The terms of the Settlement are set out in the Class Action Stipulation and Release Between Plaintiffs and Defendants Wells Fargo Bank, N.A. and Banco Popular de Puerto Rico, fully executed as of **January 25, 2016**, (the "Stipulation").

Pursuant to the Named Plaintiffs' Motion for Preliminary Approval of the Settlement ECF No. 147, filed January 21, 2016, the Court preliminarily considered the Settlement to determine, among other things, whether the Settlement is sufficient to warrant the issuance of Notice and

---

[1] All italicized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Stipulation.

1

Publication Notice to members of the proposed Settlement Class. Upon reviewing the Stipulation and the and the parties' related briefing, it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1. **Preliminary Certification of the Settlement Class.** In accordance with the Stipulation, and pursuant to Rule 23(a) and Rules 23(b)(1) and (b)(2) of the Federal Rules of Civil Procedure, this Court hereby conditionally certifies the following class ("Settlement Class") for Settlement purposes only:

> All Persons who were participants in or beneficiaries of the RadioShack 401(k) Plan and RadioShack Puerto Rico 1165(e) Plan at any time from **November 30, 2011 to January 25, 2016** ("Class Period"), and whose accounts in Plans included investments in RadioShack Stock.

2. Pursuant to the Stipulation, and for Settlement purposes only, the Court preliminarily finds that:

    (a) as required by FED. R. CIV. P. 23(a)(1), the Settlement Class is ascertainable from records kept with respect to the Plans and from other objective criteria, and the Settlement Class is so numerous that joinder of all members is impracticable.

    (b) as required by FED. R. CIV. P. 23(a)(2), all of the Settlement Class member's claims depend on a common issue of law or fact whose resolution will resolve an issue that is central to the validity of each one of the Settlement Class member's claims in one stroke.

    (c) as required by FED. R. CIV. P. 23(a)(3), the claims of the Named Plaintiffs are typical of the claims of the Settlement Class that Named Plaintiffs seek to certify.

    (d) as required by FED. R. CIV. P. 23(a)(4), the Named Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Named Plaintiffs and the nature of the alleged claims are consistent with those of the Settlement Class;

and (ii) there appear to be no conflicts between or among the Named Plaintiffs and the Settlement Class.

    (e) as required by FED. R. CIV. P. 23(b)(1), the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action; or (ii) adjudications as to individual Settlement Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests.

    (f) as required by FED. R. CIV. P. 23(b)(2), Named Plaintiffs allege that the Trustee Defendants have acted or refused to act on grounds that apply generally to the Class, so final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

    (g) as required by FED. R. CIV. P. 23(g), Class Counsel is capable of fairly and adequately representing the interests of the Settlement Class, and that Class Counsel: (i) have done appropriate work identifying or investigating potential claims in the Action; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the Settlement Class.

  3. The Court preliminarily appoints the Named Plaintiffs as the representatives for the Settlement Class and Kessler Topaz Meltzer & Check, LLP; Stull, Stull & Brody; and Connolly Wells & Gray LLP as Class Counsel for the Settlement Class. Lackey Hershman L.L.P. is preliminarily appointed as Liasion Counsel.

4. The Court preliminarily approves the proposed Plan of Allocation, finding it is fair, reasonable, and adequate.

5. The Court's preliminary certification of the Settlement Class and appointment of Named Plaintiffs as Class Representatives, as provided herein is without prejudice to, or waiver of: (i) the rights of the Non-Settling Defendants to contest certification of any other class proposed in the Action, or (ii) pursue any appropriate motion for dismissal or summary judgment. The Court's findings in this Preliminary Approval Order shall have no effect on the Court's ruling on any motion to certify any class in these actions or on the Court's rulings concerning any defendant's motion to dismiss. No party may cite or refer to the Court's preliminary approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any defendant's motion to dismiss other than in the context of settlement.

6. **Preliminary Approval of Proposed Settlement.** The Stipulation is hereby preliminarily approved as fair, reasonable, and adequate. This Court preliminarily finds that: (a) the proposed Settlement resulted from serious, informed, extensive and arms'-length negotiations with the assistance of the Mediator; (b) the Stipulation was executed only after Class Counsel had conducted appropriate investigation and discovery regarding the strengths and weaknesses of Named Plaintiffs' claims; (c) Class Counsel represent that they believe that the proposed Settlement is fair, reasonable, and adequate; and (d) the proposed Settlement is in the best interest of the Named Plaintiffs and the Settlement Class. The Court finds that those whose claims would be settled, compromised, dismissed, or released pursuant to the Settlement should be given notice and an opportunity to be heard regarding final approval of the Settlement and other matters.

7. **Preliminary Injunction.** The Court, preliminarily enjoins: (i) Plaintiffs Releasees from bringing in any forum any of Plaintiffs' Released Claims against any Trustee Defendant

4

Releasees; and (ii) Trustee Defendants Releasees from bringing in any forum any Defendants' Released Claims against any of Plaintiffs Releasees.

8. **Bar Order.** The Court further finds that:

(a) All Barred Persons and any Person purporting to act on their behalf or asserting a Claim under or through them are barred, enjoined and restrained from commencing, prosecuting or asserting any Barred Claims against the Trustee Defendants Releasees in any forum, action or proceeding of any kind. All such Barred Claims shall be extinguished, discharged, satisfied, and unenforceable.

(b) Except for as provided in Section 3.4.6(c), because the Barred Persons are barred from asserting any Barred Claims against the Trustee Defendants Releasees, any judgments entered against the Barred Persons under the Complaint will be subject to a Judgment Reduction in the amount of the Settlement Payment, or as otherwise directed by the Court.

(c) Any judgment entered against the Barred Persons under the Complaint that is entered as a result of a settlement between any Barred Persons and Plaintiffs will not be subject to a Judgment Reduction.

(d) Plaintiffs Releasees are barred, enjoined and restrained from commencing, prosecuting or asserting any Claims against any other Person or entity (including other Plaintiffs Releasees), where the Claim is or arises out of the Plaintiffs' Released Claims, including any Claim in which any Plaintiffs Releasees seeks to recover from any Person or entity (including other Plaintiffs Releasees): (i) any amounts any Trustee Defendants Releasees has or might become liable to pay to the Class or any Settlement Class member; and/or (ii) any costs, expense, or

attorneys' fees from defending any Claim by any Settlement Class member. All such Claims shall be extinguished, discharged, satisfied, and unenforceable.

9.  **Fairness Hearing**. A hearing is scheduled for **June 27, 2016,** to make a final determination, concerning among other things:

- Whether the Settlement merits final approval as fair, reasonable and adequate;

- Whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement;

- Whether the notice method proposed by the Parties: (i) constitutes the best practicable notice; (ii) constitutes notice reasonably calculated, under the circumstances, to apprise Settlement Class members of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

- Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement;

- Whether the proposed Plan of Allocation should be finally approved; and

- Whether Class Counsel's application(s) for attorneys' fees and expenses and Case Contribution Awards to the Named Plaintiffs is fair and reasonable and should be approved.

- Whether the Bar Order should be finally approved.

- Whether the Trustee Defendants complied with Class Action Fairness Act.

10. **Notice to the Settlement Class**. The Parties have presented to the Court a proposed form of Notice, and a summary of the Notice in the form of a Publication Notice. ECF Nos. 147-40. The Court finds that both such forms of notice fairly and adequately: (a) describe the terms and effects of the Stipulation, the Settlement, and the Plan of Allocation; (b) notify the Settlement Class that Class Counsel will seek attorneys' fees and reimbursement of expenses from the Qualified Settlement Fund, payment of the costs of administering the Settlement out of the Qualified Settlement Fund, and for a Case Contribution Award of up to $5,000 each for the Named Plaintiffs for their services in such capacity from the Qualified Settlement Fund; (c) give notice to the Settlement Class of the time and place of the Fairness Hearing; and (d) describe how the recipients of the Notice may object to any of the relief requested. The Parties have proposed the following manner of communicating the Notice to members of the Settlement Class, and the Court finds that such proposed manner is the best notice practicable under the circumstances. Accordingly, the Court directs that Class Counsel shall:

- By no later than **March 25, 2016,** cause the Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be provided by first-class mail, postage prepaid, to the last known address of each Settlement Class member who can be identified through reasonable effort.

- By no later than **March 25, 2016,** cause the Notice to be published on the website identified in the Notice, which will also host and make available copies of all Settlement-related documents, including the Stipulation.

- By no later than **March 25, 2016,** cause the Publication Notice to be published in *USA TODAY* and on *PR Newswire* one time.

11. **Petition for Attorney's Fees and Litigation Expenses and Case Contribution Awards.** Any petition by Class Counsel for attorney's fees, reimbursement of litigation expenses and Case Contribution Awards to the Named Plaintiffs, and all briefs in support thereof, shall be filed no later than **May 27, 2016.**

12. **Briefs in Support of Final Approval of the Settlement.** Briefs and other documents in support of Final Approval of the Settlement shall be filed no later than **May 27, 2016.**

13. **Objections to Settlement.** Any member of the Settlement Class or authorized recipient of any CAFA Notice may file an objection to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Stipulation, to the Plan of Allocation, to the proposed award of attorneys' fees and reimbursement of litigation expenses, the payment of costs of administering the Settlement, or to the request for a Case Contribution Award for the Named Plaintiffs. An objector must file with the Court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that the objector wishes to bring to the Court's attention or introduce in support of the objection(s). The objector must also mail copies of the objection(s) and any supporting law and/or evidence to Class Counsel and to counsel for the Defendants. The addresses for filing objections with the Court and serving objections on counsel are as follows:

> For Filing:
>
> Clerk of the Court
> United States District Court for the Northern District of Texas
> 501 W. 10th St. #310, Room 310
> Fort Worth, TX 76102-3673
>
> Re:  *IN RE RADIOSHACK ERISA LITIGATION*
>         MASTER FILE NO. 4:14 – cv-00959-O

To Class Counsel:

Edward W. Ciolko
Mark K. Gyandoh
Julie Siebert-Johnson
KESSLER TOPAZ MELTZER & CHECK, LLP
280 King of Prussia Road
Radnor, Pennsylvania 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

Gerald D. Wells, III
Robert J. Gray
CONNOLLY WELLS & GRAY LLP
2200 Renaissance Boulevard
Suite 308
King of Prussia, PA 19406
Telephone: (610) 822-3700
Facsimile: (610) 822-3800

Michael J. Klein
STULL, STULL & BRODY
6 East 45th Street
New York, NY 10017
Telephone: (212) 687-7230
Facsimile: (212) 490-2022

George C. Aguilar
ROBBINS ARROYO LLP
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile: (619) 525-3991

To Wells Fargo:

Russell L. Hirschhorn
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3286
Facsimile: (212) 969-2900

Howard Shapiro

Stacey C.S. Cerrone
PROSKAUER ROSE LLP
650 Poydras Street, Suite 1800
New Orleans, LA 70130
Telephone: (504) 310-4085
Facsimile: (504) 522-5771

To Banco Popular:

Nancy J. Sennett

Aaron R. Wegrzyn
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
Telephone: (414) 297-5522 (NJS)
Telephone: (414) 297-5579 (DJBF)
Telephone: (414) 319-7028 (ARW)
Facsimile: (414) 297-4900

Any objector or his, her, or its counsel must serve copies of the objection(s) (together with any supporting materials) on counsel listed above and file the objection(s) and supporting materials with the Court no later than **June 6, 2016.** If an objector hires an attorney to represent him, her, or it for the purposes of making an objection pursuant to this paragraph, the attorney must also serve a notice of appearance on counsel listed above and file it with the Court no later than **June 6, 2016.** Any member of the Settlement Class or other Person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred. Any responses to objections shall be filed with the Court and served on opposing counsel no later than **June 20, 2016.** There shall be no reply briefs.

14. Any additional briefs the Parties may wish to file in support of the Settlement shall be filed no later than **June 20, 2016**. Any objector who files and serves a timely, written objection in accordance with ¶ 9 above may also appear at the Fairness Hearing either in person or through

qualified counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Fairness Hearing must serve a notice of intention to appear (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel and Defendants' counsel (at the addresses set out above) and file it with the Court by no later than **June 6, 2016.** Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Final Approval Hearing, except for good cause shown.

15. **Notice Expenses**. The expenses of printing and mailing the Notice, and the printing and publishing the Publication Notice required herein shall be paid from the Qualified Settlement Fund.

16. **Service of Objections On Opposing Counsel.** Trustee Defendants' counsel and Class Counsel shall promptly furnish each other with copies of any and all Objections to the Settlement that come into their possession.

17. **Termination of Settlement**. This Order shall become null and void, *ab initio*, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions as of November 23, 2015, the day immediately before execution of the Term Sheet, if the Settlement is terminated in accordance with the terms of the Stipulation.

18. **Use of Order**. This Order is not admissible as evidence for any purpose against Trustee Defendants or the Non-Settling Defendants in any pending or future litigation except, if necessary, to enforce provisions of the Stipulation. This Order shall not be construed or used as an admission, concession, or declaration by or against Trustee Defendants of any finding of fiduciary status, fault, wrongdoing, breach, omission, mistake, or liability. This Order shall not be construed or used as an admission, concession, or declaration by or against Named Plaintiffs or the

11

Settlement Class that their claims lack merit, or that the relief requested in the Action is inappropriate, improper, or unavailable. This Order shall not be construed or used as an admission, concession, declaration, or waiver by any Party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Trustee Defendants to class certification, in the event that the Stipulation is terminated. Moreover, the Stipulation and any proceedings taken pursuant to the Stipulation are for settlement purposes only. Neither the fact of, nor any provision contained in, the Stipulation or its exhibits, nor any actions taken thereunder, shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any claim or defense that has been, could have been, or in the future might be asserted.

19.     **Jurisdiction**. The Court hereby retains jurisdiction for purposes of implementing the Settlement, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement as may from time to time be appropriate, and to resolve any and all disputes arising thereunder.

20.     **Continuance of Fairness Hearing.** The Court reserves the right to continue the Fairness Hearing without further written notice.

**SO ORDERED** this **25th day** of **January, 2016.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE