# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

|  |  |  |
|---|---|---|
| IN RE 2014 RADIOSHACK ERISA LITIGATION | ) ) ) ) ) | MASTER FILE NO. 4:14-cv-00959-O |
| THIS DOCUMENT RELATES TO: | ) ) ) ) ) | |
| ALL ACTIONS | | |

## PLAINTIFFS' EXPEDITED MOTION TO STAY ALL PROCEEDINGS PENDING FILING OF SECOND AMENDED COMPLAINT AND MOTION TO DISMISS <u>BRIEFING RELATED THERETO</u>

Plaintiffs Manoj P. Singh, Jeffrey Snyder, and William A. Gerhart (collectively, "Plaintiffs"), by and through their undersigned counsel, for good cause shown, respectfully move this Court for an order staying all matters in this Action pending a ruling on Plaintiffs' forthcoming second amended complaint and Defendants' anticipated motion to dismiss related thereto. In further support of this Motion, Plaintiffs state as follows:

1. On May 19, 2015, Plaintiffs filed their Amended Consolidated Class Action Complaint (Dkt. No. 66) (the "Amended Complaint").

2. The RadioShack Defendants[1] moved to dismiss the Amended Complaint on August 18, 2015 (Dkt. Nos. 93-94).[2] Plaintiffs opposed the RadioShack Defendants' motion to dismiss on October 10, 2015 (Dkt. No. 110), and the RadioShack Defendants filed their reply in support of their motion to dismiss on November 17, 2015 (Dkt. No. 123) completing the briefing.

3. Plaintiffs also filed their opening motion for class certification and supporting documents on November 5, 2015. Dkt. Nos. 114-117-4. As noted below, the RadioShack Defendants' opposition to Plaintiffs' motion is due on March 3, 2016, and Plaintiffs' reply in support of their class certification motion is due on April 18, 2016. Dkt. No. 107.

4. On January 25, 2016, this Court entered a Memorandum Opinion and Order granting in part and denying in part Defendants' motion to dismiss (Dkt. No. 153). Specifically,

---

[1] The "RadioShack Defendants" are RadioShack 401(k) Plan Administrative Committee, the RadioShack Puerto Rico Plan Administrative Committee, James F. Gooch, Joseph C. Magnacca, Robert E. Abernathy, Frank J. Belatti, Julia A. Dobson, Daniel A. Feehan, H. Eugene Lockhart, Jack L. Messman, Thomas G. Plaskell, Edwina D. Woodbury, Mark Barfield, Karina Davis, Eric Hales, Justin Johnson, Michael Keyser, Kevin Krautkramer, Martin Moad, and Sri Reddy.

[2] On November 25, 2015, this Court entered an Order staying the action as to Defendants Wells Fargo Bank, NA ("Wells Fargo") and Banco Popular de Puerto Rico ("Banco Popular") (and collectively with Wells Fargo, the "Trustee Defendants") (Dkt. No. 130) because of the settlement reached between Plaintiffs and the Trustee Defendants which this Court preliminarily approved on January 25, 2016 (Dkt. No. 152).

1

the Court denied Defendants' motion to dismiss on the basis that the Amended Complaint was time-barred by ERISA's three year limitations period, but granted Defendants' motion as to Plaintiffs' underlying breach of fiduciary duty claims. Dkt. No. 153 at 21. The Court also granted Plaintiffs the right to "re-plead their breach of fiduciary duty and dependent claims" on or before February 15, 2016. *Id.*

5. Plaintiffs are presently preparing to file a second amended consolidated class action complaint ("Second Amended Complaint") on or before February 15, 2016 per the Court's order. Plaintiffs anticipate, upon information and belief after conferring with counsel for the RadioShack Defendants, that the RadioShack Defendants will again move to dismiss the Second Amended Complaint, and the parties will undertake full briefing related thereto.

6. The following is the current schedule of upcoming events in this matter:[3]

| Activity | Deadline |
| --- | --- |
| Class Certification Expert Deposition (Dkt. No. 107 at ¶ A)[4] | February 3, 2016 |
| Mediation (Dkt. No. 78)[5] | February 23, 2016[6] |
| Defendants' opposition to Plaintiffs' Motion for Class Certification (Dkt. No. 107 at ¶ B) | March 3, 2016 |
| Initial Merits Expert Designation & Report (Dkt. No. 154)[7] | March 22, 2016 |
| Plaintiffs' reply in support Motion for Class Certification (Dkt. No. 107 ¶ B) | April 18, 2016 |
| Responsive Merits Expert Designation & Report (Dkt. No. 154) | April 21, 2016 |
| Dispositive Motions (Dkt. No. 78) | April 25, 2016 |

---

[3] Given that several of these deadlines are in the next few weeks, Plaintiffs file the instant motion as Expedited.

[4] September 16, 2015 Agreed Order Amending Scheduling Order (Dkt. No. 107).

[5] June 1, 2015 Amended Scheduling Order (Dkt. No. 78).

[6] Plaintiffs and the RadioShack Defendants participated in a settlement conference with Magistrate Judge Stickney on January 12, 2016 that was unsuccessful.

[7] January 25, 2016 Amended Scheduling Order (Dkt. No. 154).

| | |
|---|---|
| Completion of Fact Discovery (Dkt. No. 78) | April 25, 2016 |
| Rebuttal Merits Expert Designation (Dkt. No. 154) | May 21, 2016 |
| Merits Expert Discovery Deadline (Dkt. No. 154) | June 20, 2016 |
| Expert Objections (Dkt. No. 78) | July 18, 2016 |
| Pretrial Disclosures and Objections (Dkt. No. 78) | September 12, 2016, Objections due 14 days thereafter |
| Pretrial Materials (Dkt. No. 78) | September 27, 2016[8] |
| Exchange of Exhibits (Dkt. No. 78) | October 10, 2016 |
| Pretrial Conference (Dkt. No. 78) | To be set if necessary |
| Trial Date (Dkt. No. 78) | October 24, 2016 |

7. Given that the remaining matters in this action, such as fact discovery, dispositive motions and merits expert reports, will necessarily be related to and shaped by the forthcoming Second Amended Complaint, and even more so by the Court's decision regarding Defendants' anticipated motion to dismiss the Second Amended Complaint, Plaintiffs respectfully submit that a stay of all matters, including discovery, in this action pending such decision is warranted.

8. This Court has the power to stay proceedings, as "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also* Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2901, Vol. 11, p. 491 (West 1995) ("Stays prior to judgment, to await a decision in another forum, or for some other purpose . . . are left to the inherent power of the court"). In determining whether a stay is proper, courts consider the interests of the parties and potential conservation of judicial resources and "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. Indeed, it is undisputed that "[a] district court has inherent power 'to control the disposition of the causes on its docket with economy of time and

---

[8] The June 1, 2015 Amended Scheduling Order (Dkt. No. 78) specifies that the deadline for Pretrial Materials is September 17, 2015. However Plaintiffs believe the Court meant the deadline to be September 17, 2016, and therefore change this date herein.

effort for itself, for counsel, and for litigants.'" *U.S. v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) (quoting *Landis*, 299 U.S. at 254).

9. The Fifth Circuit has specifically held "[i]t is within the district court's discretion to stay discovery pending resolution of dispositive motions." *Brown v. DFS Servs., L.L.C.*, 434 F. App'x 347, 352 (5th Cir. 2011). Moreover, a trial court is vested with broad discretion regarding discovery. *See, e.g.*, *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006) ("District courts have broad discretion in all discovery matters."); *see also Vivid Techs., Inv. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("[w]hen a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.") (citing 8 Charles Alan Wright & Richard L. Marcus, *Fed. Practice & Proc.* § 2040, at 521 (2d ed. 1994)).

10. Plaintiffs respectfully submit that a stay is warranted given that, in the circumstances presented, the scope of the action is undetermined at this time, and will not be determined until ***after*** Plaintiffs file their Second Amended Complaint on or before February 15, 2016 per the Court's order, ***after*** the RadioShack Defendants move to dismiss the Second Amended Complaint, ***and after*** this Court issues a decision regarding Defendants' motion to dismiss the Second Amended Complaint.

11. The parties have been conducting discovery and have scheduled further discovery, including with respect to Plaintiffs' pending class certification motion, an upcoming deposition of Defendants' expert proffered in connection with Defendants' upcoming opposition to Plaintiffs' motion for class certification. As also noted in Plaintiffs' January 22, 2016 expedited motion, and brief in support, to extend the deadline for initial expert designation and report (Dkt. No. 151), which the Court granted on January 25, 2016 (Dkt. No. 154), Plaintiffs are

in the process of focusing their efforts on obtaining discovery from the RadioShack/Chapter 11 Debtor (now the Liquidating Trustee), which likely has the bulk of relevant documents related to the Amended Complaint, while also continuing to press the RadioShack Defendants for discovery. *See* Dkt. No. 151 at 8.

12. However, any decision by the Court regarding Defendants' anticipated motion to dismiss will necessarily affect the allegations in this action and the discovery sought by Plaintiffs from the RadioShack Defendants and the Liquidating Trustee.

13. Accordingly, a stay of all pending matters in this action until the resolution of the motion to dismiss related to the forthcoming Second Amended Complaint will best conserve the resources of both the parties and this Court and promote the orderly progression of proceedings in this case. Courts within this District have recognized the propriety of such requests in similar circumstances. *See, e.g.*, *Wesolek v. Layton*, No. 12-cv-0063, Order (Dkt. No. 29) (S.D. Tex. 2012 Apr. 6, 2012) (staying case pending determination of defendants' motion to dismiss). *See also Lowe v. Wellcare Health Plans, Inc.*, No. 11-cv-0009, 2011 WL 5869757, at *2 (N.D. Tex. Nov. 21, 2011) (reasoning, in light of the plaintiff's forthcoming amended complaint, "the court determines that Wellcare's motion to stay discovery pending resolution of its motion to dismiss" should be granted, and ordering "[a]ccordingly, discovery is **stayed** until otherwise directed by the court") (emphasis in original); *Ashfaq v. Anderson*, 603 F. Supp. 2d 936, 943 (N.D. Tex. 2009) (staying discovery pending resolution of dispositive issue of qualified immunity which would be addressed by plaintiff's forthcoming amended complaint ordering "no discovery will take place in this action until Dr. Anderson requests, and this Court issues, a ruling on Dr. Anderson's defense of qualified immunity as it relates to Dr. Ashfaq's amended pleading."); *Vantage Trailers, Inc. v. Beall Corp.*, No. 06-cv-03008, Order (Dkt. No. 68) (S.D. Tex. Oct. 17,

2007) (staying all new discovery pending resolution of defendant's motion to dismiss while court determined 12(b)(1) jurisdictional challenge motion); *Bryant v. Orndorff*, No. 04-cv-215, Order (Dkt. No. 48) (N.D. Tex. Dec. 28, 2004) (granting motion to stay discovery, ordering "discovery is STAYED until the Court has decided the issue of qualified immunity") (emphasis in original).

14. For the Court's consideration and convenience, a [Proposed] Order is being submitted herewith.

15. This Motion is made in good faith and not for any dilatory purpose.

WHEREFORE, for the reasons stated above, Plaintiffs respectfully request that this Court enter the Proposed Order submitted contemporaneously herewith staying all matters in this action until a decision regarding Defendants' anticipated motion to dismiss the Second Amended Complaint is reached by this Court.

Dated:  February 4, 2016                    Respectfully Submitted,

*/s/ Mark K. Gyandoh*
Edward W. Ciolko (admitted *Pro Hac Vice*)
Donna Siegel Moffa (admitted *Pro Hac Vice*)
Mark K. Gyandoh (*admitted Pro Hac Vice*)
Julie Siebert-Johnson (*admitted Pro Hac Vice*)
**KESSLER TOPAZ**
  **MELTZER & CHECK LLP**
280 King Of Prussia Road
Radnor, PA 19087
Telephone:  (610) 667-7706
Facsimile:  (610) 667-7056
Email:  eciolko@ktmc.com
            dmoffa@ktmc.com
            mgyandoh@ktmc.com
            jsjohnson@ktmc.com

*Interim Lead Class Counsel Committee Chair*

**CONNOLLY WELLS & GRAY, LLP**
Gerald D. Wells, III
Robert J. Gray (*admitted Pro Hac Vice*)
2200 Renaissance Boulevard
Suite 308
King of Prussia, PA  19406
Telephone:  (610) 822-3700
Facsimile:  (610) 822-3800
Email:  gwells@cwg-law.com
           rgray@cwg-law.com

**STULL, STULL & BRODY**
Michael J. Klein (*admitted Pro Hac Vice*)
6 East 45th Street
New York, NY 10017
Telephone:  (212) 687-7230
Facsimile:  (212) 490-2022
Email:  mklein@ssbny.com

*Interim Lead Class Counsel Committee Members*

**LACKEY HERSHMAN, LLP**
Roger L. Mandel
State Bar No. 12891750
Bruce E. Bagelman
State Bar No. 01509700
3102 Oak Lawn Avenue, Suite 777
Dallas, TX 75219
Telephone:  (214) 560-2201
Facsimile:  (214) 560-2203
Email:  rlm@lhlaw.net
           beb@lhlaw.net

*Interim Liaison Class Counsel*

## LOCAL RULE 7.1(b) CERTIFICATE OF CONFERENCE

I hereby certify that on February 3, 2016, I, Mark K. Gyandoh of Kessler Topaz Meltzer & Check, LLP, Interim Lead Class Counsel Committee Chair, conferred via email with Brian Ortelere of Morgan, Lewis & Bockius LLP, counsel for the RadioShack Defendants, who on February 4, 2016 informed me that the RadioShack Defendants oppose the instant motion.

/s/ *Mark K. Gyandoh*
Mark K. Gyandoh
KESSLER TOPAZ
 MELTZER & CHECK, LLP
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
Email: mgyahdon@ktmc.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to registered CM/ECF participants.

/s/ *Mark K. Gyandoh*
Mark K. Gyandoh