**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| IN RE 2014 RADIOSHACK ERISA LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | MASTER FILE NO. 4:14-cv-00959-O |

**RADIOSHACK DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO EXPEDITE STAY OF ALL PROCEEDINGS PENDING FILING OF SECOND AMENDED COMPLAINT AND MOTION TO DISMISS BRIEFING RELATED THERETO**

Defendants, the RadioShack 401(k) Plan Administrative Committee, the RadioShack Puerto Rico Plan Administrative Committee, and the individual defendants (collectively, "Defendants"), submit this Response to Plaintiffs' Motion to Expedite Stay of All Proceedings Pending Filing of Second Amended Complaint and Motion to Dismiss Briefing Related Thereto (the "Motion").

On January 25, 2016, this Court entered a Memorandum Opinion and Order granting in part and denying in part Defendants' motion to dismiss. Dkt. No. 153. Specifically, the Court granted Defendants' motion as to Plaintiffs' underlying breach of fiduciary duty claims and held that "since Plaintiffs' entire complaint alleges Defendants made imprudent investments in RadioShack stock based on public information, Plaintiffs must allege that some special circumstance existed to affect the market price which rendered it unreliable or artificially constructed." *Id.* at 18-19. The Court further held that RadioShack's bankruptcy did not, as a matter of law, constitute a "special circumstance" under the Supreme Court's decision in *Fifth Third Bancorp v. Dudenhoeffer*, 134 S. Ct. 2459 (2014). *Id.* at 19. While the Court also granted

Plaintiffs the right to file a further amended complaint, Defendants submit that Plaintiffs, having loudly and repeatedly trumpeted the widespread publicity surrounding the declining RadioShack stock price, cannot possibly plead any allegations sufficient to overcome the Court's January 25, 2016 holding and relevant Supreme Court authority.

That said, Defendants oppose Plaintiffs' proposed stay of this matter, which would only add further delay to resolving Plaintiffs' claims in the unlikely event they are able to assert a cognizable cause of action. This case has been pending since November 2014. Plaintiffs, aware their claims are on thin ice, only now seek to avoid incurring time and expense in prosecuting their lawsuit pending a motion to dismiss, which directly contradicts the position they have twice taken in this case, arguing to the Court that discovery should commence immediately and run concurrently with Defendants' first motion to dismiss. (*See* Dkts. 32 at 7-9, Dkt. 76 at 9.) The Court declined to grant Defendants' request to await a ruling on their motion dismiss on both occasions (*see* Dkts. 34, 78), and, now that the shoe is the other foot, Plaintiffs offer no legitimate reason to treat the present circumstances any differently.

Defendants recognize the efficiency interests in determining, sooner rather than later, whether Plaintiffs can state a viable cause of action. However, instead of staying the existing scheduling order and discovery that has been ongoing between the parties for months, Defendants respectfully submit that the Court expedite briefing on Defendants' anticipated Rule 12(b) motion to dismiss. This approach will allow for a prompt resolution of the motion, while avoiding further delay and reducing the likelihood that the Court and the parties will have to reopen or supplement discovery (including remaining expert deadlines and related discovery) if the Court ultimately denies Defendants' motion. Specifically, Defendants propose the following schedule:

1. Plaintiffs' proposed amended complaint is due February 15, 2016.

2. Defendants' motion to dismiss is due February 26, 2016.

3. Plaintiffs' response to the motion is due on March 7, 2016.

4. Defendants' reply is due on March 14, 2016.

Defendants' proposed schedule would ensure the prompt resolution of the legal viability of Plaintiffs' claims, while permitting the parties to conduct whatever discovery they deem appropriate in the interim period under the existing deadlines.

For these reasons stated, the RadioShack Defendants respectfully request that this Court deny Plaintiffs' Motion to Expedite Stay of All Proceedings Pending Filing of Second Amended Complaint and Motion to Dismiss Briefing Related Thereto and enter the above proposed schedule.

Dated:  February 8, 2016

Matthew A. Russell (*admitted pro hac vice*)
77 W. Wacker Drive
Chicago, IL 60601
Phone:  312.324.1771
Fax:  312.324.1001
Email:  marussell@morganlewis.com

*Counsel for Defendants RadioShack 401(k) Plan Admin. Committee, RadioShack Puerto Rico Plan Admin. Committee, and the Individual Defendants.*

Respectfully Submitted,

  /s/ *Matthew A. Russell*
**MORGAN, LEWIS & BOCKIUS LLP**
Ellen L. Perlioni
1717 Main Street, Suite 3200
Dallas, TX 75201
Phone:  214.466.4000
Fax:  214.466.4001
Email:  ellen.perlioni@morganlewis.com

Jeremy P. Blumenfeld (*admitted pro hac vice*)
Brian T. Ortelere (*admitted pro hac vice*)
1701 Market Street
Philadelphia, PA 19103
Phone:  215.963.5258
Fax:  215.963.5001
Email:  jblumenfeld@morganlewis.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2016, I electronically filed the foregoing with the clerk of Court using the CM/ECF system, which will send a notification to all counsel of record in this Action.

                                                                    /s/ *Matthew A. Russell*