**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| **IN RE 2014 RADIOSHACK ERISA LITIGATION** ) ) ) ) | **MASTER FILE NO. 4:14-cv-00959-O** |
| **THIS DOCUMENT RELATES TO:** ) ) | |
| **ALL ACTIONS** ) ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF EXPEDITED MOTION TO STAY ALL
PROCEEDINGS PENDING FILING OF SECOND AMENDED COMPLAINT AND
<u>MOTION TO DISMISS BRIEFING RELATED THERETO</u>**

Plaintiffs Manoj P. Singh, Jeffrey Snyder, and William A. Gerhart (collectively, "Plaintiffs"), by and through their undersigned counsel, respectfully submit this reply in support of their Expedited Motion to Stay All Proceedings Pending Filing of Second Amended Complaint and Motion to Dismiss Briefing Related Thereto ("Motion to Stay") filed on February 4, 2016 (Dkt. No. 158). Specifically, Plaintiffs submit the instant reply to address the points raised by the RadioShack Defendants[1] in their Response to the Motion to Stay ("Defs. Response") (Dkt. No. 160).

***First***, the RadioShack Defendants erroneously contend Plaintiffs "cannot possibly plead any allegations sufficient to overcome the Court's January 25, 2016 holding and relevant Supreme Court authority." Defs. Response at 2. To the contrary, during the pendency of this litigation, certain facts have come to light that Plaintiffs believe satisfy *Fifth Third*,[2] and case law interpreting *Fifth Third*, which Plaintiffs intend to plead in their Second Amended Complaint ("SAC"). For example, during the class period, 5-year credit default swap transactions ("CDS") on RadioShack—derivative contracts that mimicked insurance to make payments if RadioShack defaulted on its bonds during the 5-year term of the CDS—spiked, meaning that the cost to buy credit protection on RadioShack skyrocketed, reflecting the bond market's perception that RadioShack had an extremely high probability of defaulting. The spike in the price of 5-year CDS (*i.e.*, the bond market's perception of the probability of RadioShack's default) thus

---

[1] The "RadioShack Defendants" are RadioShack 401(k) Plan Administrative Committee, the RadioShack Puerto Rico Plan Administrative Committee, James F. Gooch, Joseph C. Magnacca, Robert E. Abernathy, Frank J. Belatti, Julia A. Dobson, Daniel A. Feehan, H. Eugene Lockhart, Jack L. Messman, Thomas G. Plaskell, Edwina D. Woodbury, Mark Barfield, Karina Davis, Eric Hales, Justin Johnson, Michael Keyser, Kevin Krautkramer, Martin Moad, and Sri Reddy. As used herein, "Defendants" refers to "RadioShack Defendants."

[2] *Fifth Third Bancorp v. Dudenhoeffer*, 134 S. Ct. 2459 (2014).

constitutes a special circumstance demonstrating the unreliability of the market price of RadioShack stock.

In another example of plausible claims of special circumstances that Plaintiffs intend to plead, after Plaintiffs filed their Amended Consolidated Class Action Complaint (Dkt. No. 66) in May of 2015, the Official Committee of Unsecured Creditors of RadioShack Corporation ("the Committee") filed an action against some of the same defendants named in this action – including Defendants Magnacca, Abernathy, Belatti, Dobson, Feehan, Lockhardt, Messman, and Woodbury – alleging that Defendants had publicly announced "turn-around plans" and their optimism about same when they had no reasonable basis to represent to the public or the employees that those "plans" had any possibility of succeeding. *Official Committee of Unsecured Creditors of RadioShack Corp., et al. v. Kim, et al.*, No. 15-cv-652, Complaint (Dkt. No. 1) (N.D. Tex. Aug. 31, 2015).[3] Of course, the publicly-announced prospect for a successful turn-around served to falsely bouy up the market price of RadioShack's stock, making its market price unreliable. These false announcements constitute "special circumstances." Plaintiffs are in the process of independently investigating these allegations, and they intend to plead similar allegations in the Second Amended Complaint.

In yet another example, RadioShack stated in a March 12, 2015, press release entitled "RadioShack Statement Regarding Stock Price and Trading Volume"[4] that it was "**reiterat[ing] its belief**" that its stock was trading at an unreasonably high market price. This was an example of a special circumstance indicating that the RadioShack stock price was unreliable. Indeed, the March 12, 2015 release stated that:

---

[3] On October 29, 2015, the Committee filed its Amended Compliant in the United States Bankruptcy Court for the Northern District of Texas styled *RSH Liquidating Trust v. Magnacca*, Adversary Case No. 15-04076-rfn (Dkt. No. 8).

[4] http://www.prnewswire.com/news-releases/radioshack-statement-regarding-stock-price-and-trading-volume-300049958.html

> In light of the trading volume in its common stock at prices in excess of $0.20 per share, RadioShack Corporation today reiterated its belief that there will be no recovery for any equity holder in its pending Chapter 11 proceedings.
>
> Equity holders of a company in Chapter 11 bankruptcy generally receive value only if all claims of a company's secured and unsecured creditors are fully satisfied.  RadioShack said it believes that the claims of its secured and unsecured creditors will not be fully satisfied, leading to the conclusion that RadioShack common stock has no value.

*See* RadioShack Mar. 12, 2015 Form 8-K, Ex-99.1.   In other words, RadioShack stated it believed that its stock would be worthless after bankruptcy proceedings concluded.  The first time RadioShack disclosed that it believed that its stock would be worth nothing after bankruptcy proceedings should have, in the Company's own words, "lead[ Defendants] to the conclusion that RadioShack common stock has no value."  Yet Defendants took no fiduciary action at that time.   Again, this constitutes another example of a special circumstance indicating that RadioShack's stock price was unreliable.

Plaintiffs' anticipated allegations will satisfy *Fifth Third*'s special circumstances prong because they demonstrate the unreliability of RadioShack's stock price.   Additionally, the misrepresentations and non-disclosure allegations would satisfy *Fifth Third*'s non-public information prong.   *See* Memorandum Opinion and Order, Dkt. No. 153, at 19 n.5 (acknowledging the Court did not examine whether Amended Consolidated Class Action Complaint alleged breach of duty of prudence based on insider information).  Post-*Fifth Third*, such allegations have been upheld.  *See, e.g.*, *Ramirez et al. v. J.C. Penney Corp. Inc.*, No. 14-cv-601, 2015 WL 5766498, at *3-5 (E.D. Tex. Sept. 29, 2015) (upholding ERISA company stock breach of fiduciary duty claims where plaintiff alleged that J.C. Penney's Board of Directors knew the company's announced "transformation" plans were false and misleading because they lacked a reasonable basis in fact and noting that "[p]laintiffs have met the requirements of

3

*Dudenhoeffer* to maintain a claim for breach of the duty of prudence on the basis of inside information.")

The foregoing is not intended to prematurely argue the merits of Plaintiffs' proposed amendments. That will be addressed in the briefing related to the SAC. However, Plaintiffs believe it only fair that they have the opportunity now to briefly rebut the RadioShack Defendants' unfounded and premature assertions of futility.

***Second***, Plaintiffs dispute that they are taking a position contrary to one that they have taken previously. Defs. Response at 2. Plaintiffs readily acknowledge they previously opposed a litigation stay. But at the time, the parties were at a much different procedural posture. This litigation had just gotten underway when Defendants first sought a stay. Plaintiffs opposed a stay at that point in time because there were several months left to brief Defendants' motion to dismiss and before discovery or any dispositive deadlines would expire. Now with only 10 weeks remaining until the April 25, 2016 close of fact discovery, and an amended complaint not yet on file, the parties are clearly at a different posture. Further, depending upon how the Court rules on the SAC, such decision may very well alter the scope of the remaining discovery, such as changing the class period, changing the focus from public statements to special circumstances and/or allowing discovery on special circumstances not even currently pled.

Thus, staying this matter now is not just a matter of saving the parties' time and expense, if the Court dismisses the SAC (although Plaintiffs think that unlikely), but also a matter of ensuring that the proper discovery can be conducted, based upon claims upheld in the SAC, before the discovery deadline. Given the Court's very recent Memorandum Opinion and Order, which the parties did not have the benefit of before – it makes little sense and would be inefficient to continue class/merits/expert discovery under these circumstances as Defendants

suggest. Defendants accuse Plaintiffs of changing their position now that the shoe is on the other foot. But Defendants provide no explanation for their turnaround in opposing a stay now after previously having made similar arguments for staying this matter. Presumably, Defendants believe that completing discovery without the guidance of an operative complaint will work to their advantage.

*Lastly*, the RadioShack's proposed expedited briefing schedule will clearly lead to inefficiencies. Importantly, Defendants unfairly seek to limit the time Plaintiffs are afforded under the Local Rules of this Court to respond to Defendants' motion to dismiss. *See* Response at 3. Indeed, earlier in this litigation, the parties agreed to an extended briefing schedule whereby Defendants had until August 18, 2015, to respond to the May 18, 2015 complaint, Plaintiffs had 60 days to file an opposition, and Defendants had 30 days to file replies. *See* Dkt. No. 68. Yet, Defendants now wish to impose unfair restrictions on Plaintiffs' ability to investigate and properly plead special circumstances compliant with the Court's Order in order to survive Defendants' inevitable motion to dismiss. Indeed, Defendants have failed to show any reason why the standard briefing schedule per local rules should be truncated to the prejudice of Plaintiffs rather than the Court taking the much simpler and fairer route of simply staying the case pending the filing of the SAC and the dismissal briefing.

Under the Local Rules, briefing of the  SAC would take 8 weeks from its filing on or before February 15, 2016.[5] Under the current deadlines, initial merits expert designations would expire prior to closing of the briefing (March 22, 2016) and fact discovery would close less than

---

[5]  Defendants would have 21 days to respond to the Second Amended Complaint. *See* Fed. R. Civ. P. 12(a). A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed. N.D. Tex. LR 7.1(e). Unless otherwise directed by the presiding judge, a party who has filed an opposed motion may file a reply brief within 14 days from the date the response is filed. N.D. Tex. LR 7.1(f).

*two* weeks after the close of briefing on the motion to dismiss as would the deadline for filing dispositive motions (April 25, 2016).   Given the complicated nature of ERISA breach of fiduciary duty actions in general and this case in particular, and especially given the additional allegations to be incorporated into Plaintiffs' forthcoming SAC, Plaintiffs respectfully submit that Defendants' proposed schedule should be rejected.

Accordingly, a stay is necessary.   Plaintiffs respectfully request that this Court enter the Proposed Order previously submitted staying all matters in this action until a decision regarding Defendants' anticipated motion to dismiss the Second Amended Complaint is reached by this Court, which is the most expedient and efficient course of action.

Dated:  February 8, 2016                          Respectfully Submitted,

                                                  */s/ Mark K. Gyandoh*
                                                  Edward W. Ciolko (admitted *Pro Hac Vice*)
                                                  Donna Siegel Moffa (admitted *Pro Hac Vice*)
                                                  Mark K. Gyandoh (*admitted Pro Hac Vice*)
                                                  Julie Siebert-Johnson (*admitted Pro Hac Vice*)
                                                  **KESSLER TOPAZ**
                                                    **MELTZER & CHECK LLP**
                                                  280 King Of Prussia Road
                                                  Radnor, PA 19087
                                                  Telephone:  (610) 667-7706
                                                  Facsimile:  (610) 667-7056
                                                  Email:  eciolko@ktmc.com
                                                          dmoffa@ktmc.com
                                                          mgyandoh@ktmc.com
                                                          jsjohnson@ktmc.com

                                                  *Interim Lead Class Counsel Committee Chair*

**CONNOLLY WELLS & GRAY, LLP**
Gerald D. Wells, III
Robert J. Gray (*admitted Pro Hac Vice*)
2200 Renaissance Boulevard
Suite 308
King of Prussia, PA  19406
Telephone:  (610) 822-3700
Facsimile:  (610) 822-3800
Email:  gwells@cwg-law.com
        rgray@cwg-law.com


**STULL, STULL & BRODY**
Michael J. Klein (*admitted Pro Hac Vice*)
6 East 45th Street
New York, NY 10017
Telephone:  (212) 687-7230
Facsimile:  (212) 490-2022
Email:  mklein@ssbny.com

*Interim Lead Class Counsel Committee Members*

**LACKEY HERSHMAN, LLP**
Roger L. Mandel
State Bar No. 12891750
Bruce E. Bagelman
State Bar No. 01509700
3102 Oak Lawn Avenue, Suite 777
Dallas, TX 75219
Telephone:  (214) 560-2201
Facsimile:  (214) 560-2203
Email:  rlm@lhlaw.net
        beb@lhlaw.net

*Interim Liaison Class Counsel*

7

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to registered CM/ECF participants.

/s/ *Mark K. Gyandoh*
Mark K. Gyandoh