**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORTH WORTH DIVISION**

|  |  |
|---|---|
| IN RE 2014 RADIOSHACK ERISA LITIGATION | ) ) ) |
| | ) |
| THIS DOCUMENT RELATES TO: | ) ) |
| ALL ACTIONS | ) ) ) |

MASTER FILE NO. 4:14-cv-00959-O

**DECLARATION OF MARK K. GYANDOH IN SUPPORT OF PLAINTIFFS'**
**MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT,**
**CERTIFICATION OF SETTLEMENT CLASS, AND APPROVAL OF PLAN**
**OF ALLOCATION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES,**
**REIMBURSEMENT OF LITIGATION EXPENSES, AND CASE CONTRIBUTION**
**AWARDS TO THE NAMED PLAINTIFFS**

I, MARK K. GYANDOH declare as follows:

I am counsel to Kessler Topaz Meltzer & Check, LLP ("KTMC"), which has been preliminarily appointed by the Court, along with Stull, Stull & Brody ("SSB") and Connolly Wells & Gray LLP ("CWG") as Class Counsel for the Settlement Class in the above-captioned litigation. *See* Amended Preliminary Approval Order, Dkt. No. 156.

I have been actively involved in the prosecution of this Action, am familiar with its proceedings, and have personal knowledge of the matters set forth herein based on our active supervision and participation in all material aspects of the Action, and if called to do so, could and would testify competently thereto. I submit this Declaration in support of Plaintiffs' motions for entry of orders, *inter alia*: (1) approving the $900,000.00 cash Settlement; (2) approving the Plan of Allocation; (3) certifying the proposed Settlement Class and appointing Named Plaintiffs as class representatives for the Settlement Class; (4) making final the appointment of the law

firms of KTMC, SSB, and CWG as Class Counsel for the Settlement Class, and Lackey Hershman L.L.P ("Lackey Hershman") as Liaison Counsel for the Settlement Class; (5) making final the approval of the Bar Order; (6) determining that the Trustee Defendants complied with the Class Action Fairness Act ("CAFA"); (7) approving Class Counsel's application for award of attorneys' fees and reimbursement of litigation expenses; and (8) awarding the three Named Plaintiffs Case Contribution Awards in the amount of $5,000 each.[1]

This Declaration describes the claims asserted, the principal proceedings to date, the legal services provided and expenses incurred by Class Counsel, and the Settlement. The Final Approval Hearing is scheduled for July 18, 2016.

I.      INTRODUCTION

1.      The Settlement in this Action results from the class action brought on behalf of participants in the RadioShack 401(k) Plan and the RadioShack Puerto Rico 1165(e) Plan (the "Plans"), during the period from November 30, 2011 to the Stipulation Execution Date (January 7, 2016), inclusive (the "Class Period"), whose individual Plan accounts included investments in RadioShack Stock.

2.      From commencement of this Action on November 26, 2014 through its settlement earlier this year, it has been vigorously, skillfully, and tenaciously litigated by Class Counsel. The Settlement was reached after an intense, full day mediation session before Mr. John Bickerman, a well-respected mediator experienced in ERISA breach of fiduciary duty matters on November 24, 2015. After eight hours of intense negotiations, the Settling Parties agreed in principle to a settlement with the Trustee Defendants.

---

[1] Plaintiffs (Jeffrey Snyder, Manoj P. Singh, and William A. Gerhart), and Trustee Defendants (Wells Fargo Bank, N.A. and Banco Popular de Puerto Rico) (collectively the "Settling Parties") have reached a proposed Settlement of the allegations under ERISA against the Trustee Defendants only. The litigation is continuing against the Non-Settling Defendants.

3.     The Class Action Settlement and Release Between Plaintiffs and Defendants Wells Fargo Bank, N.A. and Banco Popular de Puerto Rico ("Settlement Agreement") attached to the Appendix as Exhibit 1 (APP-1-75), provides for the payment of $900,000 in cash which has been deposited in escrow and is earning interest for the benefit of the Settlement Class.

4.     The Settlement confers an immediate and substantial benefit on the Settlement Class and eliminates the significant risk of continued litigation under circumstances where a favorable outcome is uncertain. Class Counsel respectfully submit that under these circumstances, the Settlement is in the best interest of the Settlement Class, and should be approved as fair, reasonable, and adequate.

## II.    PLAINTIFFS' PROSECUTION OF THE ACTION

5.     On November 26, 2014, December 5, 2014, and December 17, 2014, respectively, Plaintiffs Singh, Snyder, and Gerhart filed a putative class action pursuant to §§ 409 and 502 of ERISA, 29 U.S.C. §§ 1109 and 1132, against the Plans' fiduciaries, against RadioShack and certain other named and de facto fiduciaries of the Plans, who allegedly are and were responsible for the investment of the Plans' assets.

6.     On January 9, 2015, the Court entered an Order consolidating the three actions and appointing KTMC as Interim Lead Class Counsel Committee Chair, appointing SSB and CWG as Interim Lead Class Counsel Committee Members, and appointing Lackey Hershman as Interim Liaison Class Counsel.  Dkt. No. 29.

7.     On February 5, 2015, RadioShack filed for protection under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.  Shortly thereafter, on February 9, 2015, Plaintiffs filed a consolidated complaint to

govern the Actions.  Dkt. No. 39.  On February 13, 2015, the Court stayed all proceedings in the District Court pending the outcome in the United States Bankruptcy Court.  Dkt. No. 43.

8.      On May 18, 2015, Plaintiffs filed their Amended Consolidated Class Action Complaint removing RadioShack as a Defendant given its bankruptcy filing.  Dkt. No. 66.

9.      Subsequently, all Defendants moved to dismiss (three in total – each of the Trustee Defendants and the Non-Settling Defendants)  the Complaint on August 18, 2015 (Dkt. Nos. 90-98), which Plaintiffs opposed on October 18, 2015 (Dkt. Nos. 110-113), and Defendants filed their replies on November 17, 2015. Dkt. Nos. 123-125.

10.     On November 5, 2015, Plaintiffs moved for class certification. Dkt. Nos. 114-116.

11.     Soon after, the Settling Parties agreed to attend a private mediation in an attempt to resolve Plaintiffs' claims.  Accordingly, on November 25, 2015, the Court granted the Settling Parties' Joint Motion to Stay as to the Trustee Defendants for settlement purposes.  Dkt. No. 130.

12.     In preparation for mediation, the Settling Parties each drafted mediation briefs setting forth their position on the law, facts, and settlement possibilities.  An in-person mediation session was held where the parties made formal presentations and engaged in spirited debate as to critical legal and factual issues concerning liability and damages before Mr. Bickerman on November 24, 2015 which ended in an agreement in principle a settlement with the Trustee Defendants.

## III.    PRELIMINARY APPROVAL OF THE SETTLEMENT

13.     On January 21, 2016, Class Counsel moved for preliminary approval of the Settlement.  In connection with the motion, Plaintiffs submitted a memorandum of law, the Settlement Agreement, Proposed Plan of Allocation, and proposed forms of Class Notice.  Dkt. No. 148.

14.     On January 25, 2016, this Court issued an Order granting the Motion for Preliminary Approval of Class Action Settlement and setting a briefing schedule for Final approval of settlement and any petition for attorney's fees and costs.  Dkt. No. 152.

15.     The Order, among other things, provided that the Plaintiffs are adequate representatives of the Settlement Class, that Class Counsel is capable of fairly and adequately representing the interest of the Settlement Class with respect to the Settlement, and preliminarily appointed Named Plaintiffs as the representatives for the Settlement Class, and KTMC, SSB, and CWG as Class Counsel for the Settlement Class.  Lackey Hershman was preliminarily appointed as Liaison Counsel.

16.     The Court also preliminarily determined that the Action may proceed as a non-opt-out class action under FED. R. CIV. P. 23 for purposes of the Settlement and ordered that the Settlement Class Members be bound by any Judgment concerning the Settlement upon its final approval by the Court.

17.     The Court further found that the Settlement appeared to be fair, adequate, and reasonable to all members of the Settlement Class; the product of serious, informed, arm's length negotiations; and within the range of possible final approval.  The Court also directed that notice be given to members of the Settlement Class.

18.     The Preliminary Approval Order was subsequently amended on January 27, 2016 (Dkt. No. 156) and on March 23, 2016 (Dkt. No. 176).

## IV.     EFFECTUATION OF NOTICE

19.     The Settlement Administrator, Rust Consulting, Inc. ("Rust"), implemented the notice program ordered by the Court, including notice mailing and publication.  On April 8, 2016, the Settlement Administrator:  (a) mailed the Class Notice to all identifiable Settlement

Class Members with known addresses; (b) published notice in the *USA Today and PR Newswire*; and (c) made available the Class Notice and other related Settlement documentation on a website dedicated to the Settlement.  *See* Declaration of Amy Tadewald sworn to June 6, 2016 (the "Rust Decl.") (attached to the Appendix as Exhibit 2 (APP-76-79)).  The notice program apprised Settlement Class Members of the terms of the Settlement, and of their right to object to the Settlement, Plan of Allocation, Case Contribution Awards, or to Class Counsel's motion for award of attorneys' fees and reimbursement of litigation expenses.  Although the deadline to file objections to the proposed Settlement, June 20, 2016, has yet to pass, to date not a single objection has been received to any aspect of the Settlement or any other matter to be heard by the Court at the Final Approval Hearing.  We will advise the Court if any objections are subsequently received in a supplemental filing to the Court on July 1st in advance of the Fairness Hearing on July 18, 2016.

20.     Additionally, the Trustee Defendants effectuated notice pursuant to CAFA.  *See* Declaration of Russell L. Hirschhorn attached to the Appendix as Exhibit 3 (APP-80-97).  According to Mr. Hirschhorn's Declaration the CAFA notice that was sent on January 28, 2016.  To date, no objections have been raised by any of the United States Attorney General that the CAFA notices were sent to.

## V.     THE PROPOSED SETTLEMENT AND PLAN OF ALLOCATION SHOULD BE FINALLY APPROVED BECAUSE THEY ARE FAIR, REASONABLE, AND ADEQUATE

21.     As detailed in the accompanying Memorandum in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement, Certification of Settlement Class, and Approval of Plan of Allocation (the "Final Approval Memorandum"), we believe that this Settlement

readily meets the standards set forth in *Reed v. Gen. Motors Corp*., 703 F.2d 170, 172 (5th Cir. 1983) ("*Reed*") and merits the Court's approval.

22.     Had this Action not settled it would be far from over.  The Settling Parties were in the middle of discovery and class certification briefing when this case settled.  Indeed, there was additional fact discovery, expert discovery, and dispositive motions that would need to be completed.  If the Trustee Defendants succeeded in their motions to dismiss, Plaintiffs would likely have appealed the decision leading to further significant briefing.  On the other hand, had Plaintiffs survived the Trustee Defendants' motions to dismiss in whole or in part, and the case were to go to trial, there is no guarantee of a Plaintiffs' verdict and, even if a verdict were won, there is no guarantee that a judgment would survive an appeal or that the verdict would be for a greater amount than the proposed Settlement.  If the case went to trial, it would be a long and expensive process.  Without the Settlement, Plaintiffs would face considerable risks to establish liability, causation and damages in an ever- changing landscape.

23.     This Action was not immune to the risks attendant to the foregoing uncertainties.  Plaintiffs' claims raise numerous complex legal and factual issues under ERISA which, absent the Settlement, would consume substantial resources as the Settling Parties proceeded with the necessary factual and expert discovery and motion practice.  Although this Action commenced only thirteen months ago, Plaintiffs have already expended considerable efforts pursuing their allegations including full briefing on the Trustee Defendants' motions to dismiss and filing their opening motion in support of class certification.  Absent settlement, there is no doubt that the bulk of the litigation would lie ahead.

**B.      Other Factors Supporting the Settlement**

24.      Class Counsel's experience litigating ERISA imprudence claims and complex class actions also supports the Settlement.  Class Counsel are highly regarded complex litigation and class actions firms with well-established records of successfully prosecuting ERISA and other class actions, as well as other complex litigation.  *See* Fee Memorandum at III.B.3.   The firms have substantial experience in litigating ERISA class actions and have recouped hundreds of millions of dollars on behalf of plan participants.   Each of Class Counsel's resumes are attached to their respective declarations in support of the Fee Request.

25.      Based on their vast experience Class Counsel recommend this Settlement.

**C.      The Plan of Allocation Is Fair Reasonable and Adequate**

26.      As discussed in Section V of the Final Approval Memorandum, the allocation method set forth in the Plan of Allocation is the basic approach that has been used in settlements of other 401(k) company stock cases, and it has been approved by judges in numerous cases, including within this Circuit.

27.      After payment of costs, taxes, attorneys' fees and expenses, the Net Settlement Fund will be proportionately allocated by the Settlement Administrator to qualifying Settlement Class members based on the Plan of Allocation annexed to the Settlement Agreement as Exhibit 5 and as detailed in the Class Notice. The eligible Settlement Class Members need take no action to receive payment.

**VI.      CLASS COUNSEL'S REQUESTED ATTORNEYS' FEE AND EXPENSES ARE FAIR AND REASONABLE**

**A.      The Requested Attorneys' Fees are Fair and Reasonable in Light of the Fifth Circuit's Standard**

28.     As detailed in the accompanying Memorandum in Support of Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses, and Case Contribution Awards to the Named Plaintiffs (the "Fee Memorandum"), we believe that Class Counsel's request for attorneys' fees readily meets the standards set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717, 720 (5th Cir. 1974)), and merits the Court's approval.

29.     The recovery of $900,000 in cash was achieved through the skill, work, dedication, and effective advocacy of Class Counsel.  As payment for services rendered in achieving such a result, Class Counsel seek an award of attorneys' fees in the amount of $270,000, plus reimbursement of expenses reasonably incurred by Plaintiffs' Counsel.  Class Counsel's efforts over the last thirteen months have been without compensation of any kind and their fee has been wholly contingent upon the result achieved.

30.     In this action, attorneys' fees equaling thirty percent (30%) of the Settlement Fund result in a fair and reasonable fee, especially given that the monetary result provides a benefit to the Settlement Class, and society has an interest in seeing that the wrongdoing alleged is prevented in the future.  Indeed, this amount is line with the percentage of fee awards granted in analogous breach of fiduciary duty actions across the country and within the Fifth Circuit.  *See Hargrave, et al. v. TXU Corp., et al.*, No. 02-cv-2573, Order (N.D. Tex. Mar. 25, 2008) (attached in the Appendix as Ex. 4 (APP-98-104), awarding 30% of the common fund).

31.     Attached to the Appendix as Exhibits 5-10 (APP-105-276) are declarations submitted on behalf of KTMC, SSB, CWG, Lackey Hershman, Robbins Arroyo LLP, and Lowenstein Sandler (hereinafter the "Fee Declarations").  The Fee Declarations summarize the lodestar of each firm, including the number of hours, hourly rates, and the expenses reasonably incurred by each firm in connection with the litigation.  Class Counsel sought throughout this

litigation to avoid duplication of effort by counsel. Moreover, we have reviewed our time records and eliminated certain entries in the exercise of billing judgment.

32. In total, Plaintiffs' Counsel have expended over 4,800 hours in the prosecution of this Action, with a resulting lodestar of more than $2.7 million. The requested fee of $270,000 (significantly less than what was expended), is fair and reasonable considering the risks that Class Counsel took in prosecuting this Action under the applicable standards in this and other circuits in similar cases. The expenses requested are also reasonable in amount and were necessarily incurred for the successful prosecution of the Action.

33. The efforts of Class Counsel have resulted in a $900,000 cash recovery for the Class without the substantial risk, delay, expense, and uncertainty of continued litigation and trial. This Court has found that a benefit to the class exists where the class receives a substantial monetary benefit. The number of persons benefited by the Settlement also supports the fee award requested. More than 4,400 Notices were sent to potential Settlement Class Members, a substantial number of whom are expected to benefit from the Settlement. In short, the Settlement will provide immediate compensation to the Settlement Class and will avoid the substantial risks of a smaller recovery or no recovery at all and weighs in favor of granting the requested fee.

34. Without the Action, it is highly unlikely that individual claimants would have had the resources to pursue claims of this magnitude. Moreover, protecting the retirement funds of employees, and obtaining recompense when those funds are mismanaged, is in the public interest and supports the fee award sought.

35. Plaintiffs' Counsel are experienced and skilled practitioners in the fields of securities class actions and complex litigation. *See* Exhibits 3-9 (APP-80-264). As discussed

herein, Class Counsel confronted and overcame a number of significant obstacles to success in this litigation.  As a result of diligent efforts and their skill and expertise, Class Counsel were able to negotiate an excellent Settlement for the Settlement Class.

36.    The quality and vigor of opposing counsel is also important in evaluating the quality of the work done by Class Counsel.  The Trustee Defendants here were vigorously represented by some of the country's leading defense firms, Proskauer Rose LLP representing. Wells Fargo, and Foley & Lardner LLP representing Banco Popular.  Both firms have a reputation for zealously representing their clients' interests and did so in this Action.  *See* Fee Memorandum at III.B.3.

### B.    Class Counsel's Lodestar Also Justifies the Fee

37.    Although Class Counsel seek approval of a fee that is a percentage of the Settlement Class recovery, even if the Court employs the lodestar method (or examines the lodestar method as a  cross-check for the percentage method), Class Counsel respectfully submit that their requested fees are reasonable and should be awarded in full.

38.    In total, Plaintiffs' Counsel spent 4,873.04 hours in the prosecution of this Action on behalf of Plaintiffs and the Settlement Class. Nonetheless, for purposes of performing a lodestar cross check, Class Counsel is only utilizing 20% of the amount of hours spent on this case as a reflection of the relative percentage of liability attributable to the Trustee Defendants. Even so, using this reduced number of hours for the lodestar results in a fractional multiplier; indeed, Class Counsel are seeking less than their aggregate lodestars.  The number of hours expended by Class Counsel is reasonable in light of the length of the Action, the hard-fought nature of the litigation, and the complexity of the issues involved.  Class Counsel sought throughout this litigation to avoid duplication of effort by counsel.

39.     Class Counsel will continue to incur additional hours in connection with the Settlement approval in general, including in connection with preparing for the Fairness Hearing. Beyond that, past experience teaches that Class Counsel will spend a substantial amount of additional time over the course of the year following final approval responding to inquiries from Settlement Class members, interacting with personnel with respect to technical matters concerning the Plan of Allocation, and overseeing implementation of the Settlement.

**C.     The Litigation Expenses Were Necessarily Incurred and Are Reasonable**

40.     As detailed in the accompanying Fee Declarations, Plaintiffs' Counsel have also advanced significant out-of-pocket expenses in this Action, in the aggregate amount of $40,616.03.

41.     The expenses incurred in this Action are commercially reasonable, and are reflected on the books and records of our firms, which are available for inspection at the Court's request.  As detailed in the Fee Declarations, most of these expenses have been incurred in e-discovery, mediation fees, computerized legal research, copy charges, and travel costs incurred for out-of-town travel, telephone and postal charges, messenger and overnight delivery services, and telecopy and facsimile charges.  Courts have typically found that such expenses are properly paid from a fund recovered by counsel for the benefit of a class.

42.     The Notice informed the Class that Class Counsel would be seeking reimbursement of expenses from the Settlement Fund.  To date, no objection to that request has been raised.  We will advise the Court if any objection is received subsequent to the date of this Declaration.

## VII.   CASE CONTRIBUTION AWARDS SOUGHT FOR THE NAMED PLAINTIFFS

43.     Class Counsel seek an award of $5,000 for each of the three Named Plaintiffs for their contributions to the prosecution and Settlement of the Action.  Any such awards will be paid from the Settlement Fund.

44.     Plaintiffs Singh, Snyder, and Gerhart have been actively involved in the litigation. These individuals took time away from other obligations in order to fulfill their obligations to the Settlement Class by:  (1) searching their personal files for documents and information related to the Plans to provide to Class Counsel for the Complaint; (2) reviewing the initial and operative Complaint; (3) staying informed of the case and making themselves available at all times to discuss the litigation; (4) providing information and documents in connection with responding to the Trustee Defendants' discovery, including requests for production of documents and interrogatories; (5) participating in teleconferences concerning the Action; (6) preparing for depositions in connection with Plaintiffs' motion for class certification[2]; and (7) reviewing, considering, and ultimately approving the proposed Settlement for presentation to the Court.

45.     In connection with the class certification motion, each Plaintiff submitted a declaration attesting to their involvement in the Action and their willingness to represent the class.  *See* Dkt. No. 116 App. 137-140 (Gerhart Declaration); No. 116 App. 141-144 (Snyder Declaration); No. 116 App. 145-148 (Singh Declaration).  Class Counsel respectfully submit that these efforts demonstrate the Named Plaintiffs' willingness to represent the Class, a willingness for which they should be rewarded.

---

[2] Plaintiff Snyder was deposed on November 16, 2015 in Florida, and Plaintiff Gerhart was deposed on November 23, 2015 in Texas.  Plaintiff Singh prepared for his deposition scheduled for December 2, 2015, but the deposition was cancelled by the Trustee Defendants on the eve of the deposition.

46.     As discussed in the accompanying Fee Memorandum, the requested case contribution awards are supported by ample legal authority in similar cases.  Indeed, in *In re Enron Corp. Sec. & ERISA Litig.*, MDL No. 1446, Amended Final Oder Approving an Award of Attorneys' Fees, Reimbursement of Expense, and an Incentive Award to the Class Representatives (S.D. Tex. July 24, 2006), at 5 (attached to the Appendix as Exhibit 11 (APP-277-283)), the court awarded $7,000 to each of the sixteen class representatives and one named plaintiff.

47.     Further, to date, no objection to the Case Contribution Awards request has been received. We will advise the Court if any objection is received subsequent to the date of this Declaration.

## VII.   CONCLUSION

Based on the foregoing, Class Counsel respectfully requests that the Court (a) grant final approval of the Settlement of this Action; certify the Settlement Class for Settlement purposes; approve the Plan of Allocation, and (b) grant Class Counsel's motion for an award of attorneys' fees, reimbursement of litigation expenses, and Case Contribution Awards in the amount of $5,000 to each of the three Named Plaintiffs.

Dated:  June 10, 2016                              Respectfully submitted,

   _/s/  Mark K. Gyandoh_             

**KESSLER TOPAZ MELTZER & CHECK LLP**
Edward W. Ciolko (*admitted Pro Hac Vice*)
Donna Siegel Moffa (*admitted Pro Hac Vice*)
Mark K. Gyandoh (*admitted Pro Hac Vice*)
Julie Siebert-Johnson (*admitted Pro Hac Vice*)
280 King Of Prussia Road
Radnor, PA 19087
Telephone:    (610) 667-7706
Facsimile:    (610) 667-7056
Email: eciolko@ktmc.com
       dmoffa@ktmc.com
       mgyandoh@ktmc.com
       jsjohnson@ktmc.com

*Interim Lead Class Counsel Committee Chair*

Gerald D. Wells, III (*admitted Pro Hac Vice*)
Robert J. Gray (*admitted Pro Hac Vice*)
**CONNOLLY WELLS & GRAY, LLP**
2200 Renaissance Boulevard
Suite 308
King of Prussia, PA  19406
Telephone:    (610) 822-3700
Facsimile:    (610) 822-3800
Email: gwells@cwg-law.com
       rgray@cwg-law.com

Michael J. Klein (*admitted Pro Hac Vice*)
**STULL, STULL & BRODY**
6 East 45th Street
New York, NY 10017
Telephone:    (212) 687-7230
Facsimile:    (212) 490-2022
Email: mklein@ssbny.com

*Interim Lead Class Counsel Committee Members*

Roger L. Mandel
State Bar No. 12891750
Bruce E. Bagelman
State Bar No. 01509700
**LACKEY HERSHMAN, LLP**
3102 Oak Lawn Avenue, Suite 777
Dallas, TX 75219
Telephone:    (214) 560-2201
Facsimile:    (214) 560-2203
Email: rlm@lhlaw.net
         beb@lhlaw.net

*Interim Liaison Class Counsel*

George C. Aguilar
**ROBBINS ARROYO LLP**
600 B Street, Suite 1900
San Diego, CA  92101
Tel: (619) 525-3990
Fax: (619) 525-3991

*Proposed Liaison Counsel*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on June 10, 2016, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

*/s/ Mark K. Gyandoh*
Mark K. Gyandoh