IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| IN RE 2014 RADIOSHACK ERISA LITIGATION | § § § § § § § § § § § Master File No. 4:14-cv-959-O |
| THIS DOCUMENT RELATED TO: ALL ACTIONS | |

**FINAL APPROVAL ORDER AND JUDGMENT**

Before the Court is Defendants' Motion for Final Approval of Class Action Settlements, Certifcation of Settlement Class and Approval of Plan of Allocation (ECF No. 182), filed June 10, 2016. This Action came for hearing on July 18, 2016 to determine the fairness of the proposed settlement (the "Settlement") presented to the Court and the subject of this Court's Order Granting Preliminary Approval of Class Action Settlement, Preliminarily Certifying a Class for Settlement Purposes, Approving Form and Manner of Class Notice, Preliminarily Approving the Bar Order, and Setting Date for Settlement Fairness Hearing. Due notice having been given and the Court having been fully advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

Except as otherwise defined herein, all capitalized and/or italicized terms used in this Final Approval Order and Judgment shall have the same meanings as ascribed to them in the Stipulation executed by Named Plaintiffs and the Trustee Defendants.

1.    The Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class members.

1

2. For the sole purpose of settling and resolving the Action, the Court certifies this Action as a class action pursuant to Rule 23(a) and Rules 23(b)(1) and (b)(2) of the Federal Rules of Civil Procedure. The Settlement Class is defined as:

> All Persons who were participants in or beneficiaries of the RadioShack 401(k) Plan and RadioShack Puerto Rico 1165(e) Plan at any time from November 30, 2011 to January 7, 2016 and whose accounts in the Plans included investments in RadioShack Stock.

3. The Court hereby appoints Named Plaintiffs Jeffrey Snyder, Manoj P. Singh, and William A. Gerhart as Class Representatives for the Settlement Class and appoints Kessler Topaz Meltzer & Check, LLP, Stull, Stull & Brody, and Connelly Wells & Gray LLP as Class Counsel for the Settlement Class. Lackey Hershman L.L.P. is appointed as Liaison Counsel.

4. The Court finds for the sole purpose of settling and resolving the Action that:

(a) The numerosity requirement of FED. R. CIV. P. 23(a)(1) is satisfied because the Settlement Class is so numerous that it is impractical to bring all Settlement Class members before the Court individually.

(b) The commonality requirement of FED. R. CIV. P. 23(a)(2) is satisfied because all of the Settlement Class member's claims depend on a common issue of law or fact whose resolution will resolve an issue that is central to the validity of each one of the Settlement Class member's claims in one stroke. Here, the central issue to Named Plaintiffs' claims is whether the Trustee Defendants and Non-Settling Defendants breached fiduciary duties owed to the Plans, Plaintiffs, and Settlement Class members by failing to act prudently and solely in the interests of the Plans and the Plans' participants and beneficiaries.

(c) The typicality requirement of FED. R. CIV. P. 23(a)(3) is satisfied because the claims of the Plaintiffs arise from the same alleged course of conduct that gives rise to the claims of the Settlement Class, and the Named Plaintiffs' claims are based on the same legal theory

as those of the Settlement Class. Named Plaintiffs allege that they were Plan participants during the Class Period with Plan accounts that included investments in RadioShack Stock, that the Plans' fiduciaries treated them and all other Plan participants alike, and that Plan-wide relief is necessary and appropriate under ERISA. Under these circumstances, for purposes of the Settlement only, and subject to the foregoing, the claims asserted by Named Plaintiffs are sufficiently typical of the claims asserted by the Settlement Class as a whole to satisfy FED. R. CIV. P. 23(a)(3).

(d) The adequacy requirement of FED. R. CIV. P. 23 (a)(4) is satisfied. For the purposes of this Settlement, the Court finds that Named Plaintiffs have no conflicting interests with absent members of the Settlement Class.

(e) The requirements of FED. R. CIV. P. 23(b)(1) are satisfied. Given the Plan-representative nature of Named Plaintiffs' breach of fiduciary duty claims where the allegations and all claims in the Action were pursued on behalf of the Plans, for all losses to the entirety of the Plans (with individual Settlement Class members to receive an allocation from the Plans' recovery), the Action presents as paradigmatic example of a case where adjudications of the claims of individual class member would be dispositive of the interests of the other members who are not parties to the individual adjudications. There is a risk that prosecution of separate actions by individual Settlement Class members would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests. There is also a risk of inconsistent dispositions that might prejudice the Trustee Defendants.

(f) The requirements of FED. R. CIV. P. 23(b)(2) are satisfied. Named Plaintiffs allege that the Trustee Defendants have acted or refused to act on grounds that apply generally to

3

the Settlement Class, so final injunctive relief or corresponding declaratory relief is appropriate respecting the Settlement Class as a whole.

(g) The Court also has considered each of the elements required by FED. R. CIV. P. 23(g) in order to ensure that Class Counsel will fairly and adequately represent the interests of the Settlement Class. Class Counsel have done the work necessary to identify and investigate potential claims in the Action, to investigate the allegations made in the Complaint, including, *inter alia*, interviewing witnesses, reviewing publicly available information, reviewing documents and materials uncovered in their investigation, and representing the Settlement Class's interests during the litigation. Class Counsel have substantial experience in handling class actions and claims of the type asserted in this Action. Class Counsel have also demonstrated extensive knowledge of the applicable law. The Court concludes that Class Counsel have fairly and adequately represented the interests of the Settlement Class.

(g) The Settlement Class has received proper and adequate notice of the Stipulation, Bar Order, the Fairness Hearing, Class Counsel's application for attorneys' fees and expenses and for a Case Contribution Award to the Named Plaintiffs, and the Plan of Allocation, such notice having been given in accordance with the Preliminary Approval Order. Such notice included both individual notice to all Settlement Class members who could be identified through reasonable efforts and Publication Notice, as well as notice through a dedicated Settlement website, and provided valid, due, and sufficient notice of these proceedings and of the matters set forth in this Order, and included sufficient information regarding the procedure for the making of objections. Such notice fully satisfied the requirements of FED. R. CIV. P. 23 and the requirements of due process.

4

5. The Court's certification of the Settlement Class and appointment of Named Plaintiffs as Class Representatives, as provided herein is without prejudice to, or waiver of: (i) the rights of the Non-Settling Defendants to contest certification of any other class proposed in the Action, or (ii) pursue any appropriate motion for dismissal or summary judgment.  The Court's findings in this Final Approval Order and Jugdment shall have no effect on the Court's ruling on any motion to certify any class in these actions or on the Court's rulings concerning any defendant's motion to dismiss.  No party may cite or refer to the Court's preliminary or final approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any defendant's motion to dismiss other than in the context of settlement.

6. The Court finds that the terms and conditions of the Stipulation are all satisfied. The Court hereby **APPROVES** the Stipulation and hereby **ORDERS** that the Stipulation shall be consummated and implemented in accordance with its terms and conditions.

7. The Court has determined that the Trustee Defendants complied with Class Action Fairness Act.

8. Pursuant to FED. R. CIV. P. 23(e), the Court finds that the Settlement embodied in the Stipulation is fair, reasonable and adequate, and more particularly finds that:

    (a) The Settlement was negotiated vigorously and at arm's-length by counsel for the Trustee Defendants, on the one hand, and the Named Plaintiffs and Class Counsel on behalf of the Settlement Class, on the other hand;

    (b) The Settlement was reached following arm's-length negotiations by counsel under the auspices of the Mediator, all of whom were thoroughly familiar with this litigation. Named Plaintiffs and the Trustee Defendants had sufficient information to evaluate the settlement value of the Action;

5

   (c) If the Settlement had not been achieved, Named Plaintiffs and the Trustee Defendants faced the expense, risk, and uncertainty of extended litigation;

   (d) The amount of the Settlement – Nine Hundred Thousand U.S. Dollars ($900,000.00) is fair, reasonable, and adequate.  The Settlement Payment is within the range of settlement values obtained in similar cases under similar circumstances;

   (e) At all times, the Named Plaintiffs have acted independently of the Trustee Defendants and in the interest of the Settlement Class; and,

   (f) The Court has duly considered and overruled any filed objection(s) to the Settlement to the extent there were any.

  9. The Plan of Allocation is finally approved as fair, reasonable, and adequate.  Class Counsel shall direct distribution of the Net Settlement Fund in accordance with the Plan of Allocation and the Stipulation.

  10. The Court hereby **ENTERS** the following Bar Order:

   (a) All Barred Persons and any Person purporting to act on their behalf or asserting a Claim under or through them are barred, enjoined and restrained from commencing, prosecuting or asserting any Barred Claims against the Trustee Defendants' Releasees in any forum, action or proceeding of any kind.  All such Barred Claims shall be extinguished, discharged, satisfied, and unenforceable.

   (b) Except for as provided in Section 3.4.6(c), because the Barred Persons are barred from asserting any Barred Claims against the Trustee Defendants' Releasees, any judgments entered against the Barred Persons under the Complaint will be subject to a Judgment Reduction pursuant to a proportionate offset method, wherein the judgment shall be reduced by

6

the greater of the Settlement Payment or the percentage of the Trustee Defendants' Releasees' fault in causing the damages awarded by the judgment.

        (c)    Any judgment entered against the Barred Persons under the Complaint that is entered as a result of a settlement between any Barred Persons and Plaintiffs will not be subject to a Judgment Reduction.

        (d)    Plaintiffs' Releasees are barred, enjoined and restrained from commencing, prosecuting or asserting any Claims against any other Person or entity (including other Plaintiffs' Releasees), where the Claim is or arises out of the Plaintiffs' Released Claims, including any Claim in which any Plaintiffs' Releasees seeks to recover from any Person or entity (including other Plaintiffs' Releasees):  (i) any amounts any Trustee Defendants' Releasees has or might become liable to pay to the Class or any Settlement Class member; and/or (ii) any costs, expense, or attorneys' fees from defending any Claim by any Settlement Class member.  All such Claims shall be extinguished, discharged, satisfied, and unenforceable.

11.    The Action is hereby dismissed with prejudice as to the Trustee Defendants with a direction to the Clerk of the Court to enter final judgment pursuant to FED. R. CIV. P. 54(b), finding that there is no just reason for delay of enforcement or appeal of the instant Order.

12.    The Court shall retain exclusive jurisdiction to supervise the administration of the Settlement, resolve any disputes or challenges that may arise as to the performance of the Stipulation or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the Notice, Plan of Allocation, this Final Approval Order and Judgment, or the Stipulation or the termination of the Stipulation.  The Court shall also retain exclusive jurisdiction and rule by separate Order with respect to all applications for awards of

7

attorneys' fees and Case Contribution Awards to the Named Plaintiffs, and reimbursements of expenses, submitted pursuant to the Stipulation.

13. In the event that the Stipulation is terminated, in accordance with its terms, this Final Approval Order and Judgment shall be rendered null and void, *ab initio*, and shall be vacated *nunc pro tunc*, and this Action shall for all purposes with respect to the Settling Parties revert to its status as of November 23, 2015, the day immediately before execution of the Term Sheet. The Settling Parties shall be afforded a reasonable opportunity to negotiate a new case management schedule.

14. This Final Approval Order and Judgment shall not be construed or used as an admission, concession, declaration or waiver by any Party of any arguments, defenses, or claims he, she, or it may have in the event that the Stipulation is terminated. Moreover, the Stipulation and any proceedings taken pursuant to the Stipulation are for settlement purposes only. Neither the fact of, nor any provision contained in the Stipulation or its exhibits, nor any actions taken thereunder shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

**SO ORDERED** on this **19th day** of **July, 2016.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE